THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK VAN BUREN, Relator, *v.* THE SUPERINTENDENT OF THE NEW YORK STATE REFORMATORY FOR WOMEN AT BEDFORD, Respondent.

Supreme Court, Orange Special Term, February, 1922.

Habeas corpus — petition — substantial compliance with statute — practice — not necessary to have writ returnable in county where prisoner is confined.

Where the statement of facts in a petition for a writ of habeas corpus to inquire into the cause of relator's detention substantially complies with the requirements of section 1234, subdivisions 4 and 5, of the Civil Practice Act, the petition is sufficient.

Under section 1232 of the Civil Practice Act an application for the writ may be made to a justice of the Supreme Court in any part of the state. As matter of discretion, it may be made returnable before any judge authorized to grant it in the county where the relator is imprisoned or confined.

Where, upon a petition sufficient under section 1234 of the Civil Practice Act, a writ of habeas corpus granted by a Supreme Court justice in Dutchess county was made returnable at a Special Term of the Supreme Court sitting in Orange county, a motion to dismiss the writ upon the ground that the application therefor should have been made and the writ made returnable in the county of Westchester, where the relator was detained, and from which he may have been committed, will be denied.

MOTION to dismiss writ of habeas corpus.

*Michael Moses* (*Henry Hirschberg,* of counsel), for relator.

*Charles D. Newton,* attorney-general (*Arthur J. Smith,* deputy attorney-general), for respondent.

SEEGER, J.   This is a motion to dismiss a writ of habeas corpus issued by Hon. Joseph Morschauser, a justice of this court, at Poughkeepsie, Dutchess county, December 30, 1921, and returnable at a Special Term of this court at Newburgh on the 7th day of January, 1922, requiring the respondent to produce the body of Vera May Van Buren before the said court.

The application is based on two grounds:

*First,* that the petition on which the writ was issued is insufficient in that it does not comply with the requirements of the Civil Practice Act, section 1234, subdivisions 4 and 5 of which read as follows:

" 4. If the imprisonment or restraint is by virtue of a mandate, a copy thereof must be annexed to the petition, unless the petitioner avers, either, that by reason of the removal or concealment of the prisoner before the application a demand of such a copy could not be made, or that such a demand was made, and the legal fees for

10

the copy were tendered to the officer or other person having the prisoner in his custody, and that the copy was refused.

"5. If the imprisonment is alleged to be illegal, the petition must state in what the alleged illegality consists."

Said section 1234 states that the petition must state the matters specified in the section "in substance."

In my judgment the facts stated in the petition substantially comply with the requirements.

The second ground of the application is that the application for the writ was made in a county other than the county of Westchester where the prisoner was detained and the writ was made returnable in such other county, viz., the county of Orange, and the respondent contends that the application should have been made and the writ made returnable in the county of Westchester.

I cannot agree with this contention. Section 1232 of the Civil Practice Act provides that the application for the writ may be made to a justice of the Supreme Court in any part of the state. The writ may be made returnable in the discretion of the court or judge, before any judge authorized to grant it in the county of the imprisonment or confinement. § 1239.

It is doubtless true that it may at times be very inconvenient for the custodian of a prisoner to take him to another county pursuant to the requirement of a writ of habeas corpus. But, as in the case at bar, the prisoner may have been committed from the county in which the writ is made returnable and the convenience of witnesses and interested parties may be conserved by having the writ made returnable there. These are considerations for the court or judge to whom the application for the writ is made.

It is true there are some decisions to the effect that the writ must be made returnable in the county of the imprisonment or detention but I think the weight of the authority is the other way. *People ex rel. Patrick* v. *Frost,* 133 App. Div. 179; *People* v. *Folmsbee,* 60 Barb. 480; *People ex rel. Robin* v. *Hayes,* 82 Misc. Rep. 165.

In *People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46, the jurisdictional facts were similar to those in the case at bar. In that case a prisoner named Brandt was serving a sentence of conviction for crime in Clinton prison which is located in Clinton county. A writ of habeas corpus was issued by Mr. Justice Gerard in New York county and was made returnable before the Special Term in New York county. The Special Term, the Appellate Division of the first department and the Court of Appeals each in turn took jurisdiction of the case and decided the matters there involved on the merits. It is true that in the reported decisions no reference is

made to any question of jurisdiction having been raised, but it is quite probable that had the courts which considered that case had any doubts as to their right to determine the issues, they would have dismissed the writ upon that ground or transferred it to the county where the prisoner was confined in prison.

The application to dismiss the writ should be denied.