Frank A. Gulotta, J.
This is a motion for change of venue made in a habeas corpus proceeding which seeks to inquire into the question of custody of three minor children.
The writ was issued by a Justice of this court returnable at Chambers in the City of Oneonta, in the Sixth Judicial District, on October 9,1961.
Contrary to petitioner’s intimation that this was done on an insufficient disclosure of the surrounding circumstances, it appears that a very full disclosure was made in the petition on which the writ was based, which showed among other things that *289 the parties had resided in Cooperstown, Otsego County, for the entire 10 years of their married life and that petitioner has been a life-long resident and is still a resident of that community; that respondent decamped with the children in January, 1960, without petitioner’s knowledge or consent and procured an ex parte divorce in the State of Florida, remarried and now resides in Locust Valley, Nassau County, New York, with her third husband and the children.
The motion asks for the venue change, both as a matter of right and as a matter of discretion, to serve the convenience of witnesses.
Assuming that rule 146 of the Rules of Civil Practice is applicable to “ special proceedings ” although it specifies only “ actions ”, it can apply only to the first branch of respondent’s motion, since it is only on the failure of petitioner to dispute by affidavit the propriety of respondent’s demand, that the latter can move in the county she claims to be the proper one, i.e. move in Nassau County for a proceeding pending in Otsego County.
A motion made under section 187 of the Civil Practice Act to change venue for other reasons is required to conform with rule 63 (Nevelson v. Piesner, 272 App. Div. 555), i.e. it must be made in the same Judicial District or in an adjoining county.
Returning then to a consideration of the first point we find that there is no specific provision of law governing the venue of a habeas corpus proceeding which involves an infant’s custody; neither in section 70 of the Domestic Relations Law where we might expect to find it, nor in article 77 of the Civil Practice Act, although section 1239 of that article under the catch line 1 ‘ When returnable ” deals obliquely with the subject of “ where ”. Subdivision 2 states: “ If application for either writ is made to the supreme court, or to a justice thereof, in a county other than that where the person is imprisoned or confined, the writ may be made returnable, in its or his discretion, before any judge authorized to grant it, in the county of the imprisonment or confinement.” This would seem to leave some discretion to the Judge who issues the writ (who incidentally may do so in any part of the State, see Civ. Prac. Act, § 1232, subd. 2) as to where to make it returnable. Although the word “ may ” is used in contrast to the word “ must ” employed in subdivision 3 of section 1239, which deals with confinement in a penal institution, since the issuing Judge obviously needs no such permission, I am inclined to conclude that only a suggestion to use the county of confinement was intended by the Legislature, in other words something short of the mandate imposed where a warden is required to produce a prisoner. This conclusion is reinforced *290 by the fact that, in 1922, in People ex rel. Van Buren v. Superintendent of State Reformatory (118 Misc. 145), this court had held that section 1239 of the Civil Practice Act, which at that time used the “ may ” terminology for all types of confinements, was properly returned in Orange County although the prisoner was confined in Westchester County. It may very well have been as a result of this holding that the Legislature in the same year, by chapter 187 of the Laws of 1922, added present subdivision 3 with its absolute directive to return a writ in the county of confinement where a State penal institution is involved.
It left intact, however, subdivision 2 as it affects all other persons, thus in effect approving the above permissive construction.
However, even assuming there is a semi-obligation to give preferential consideration to the county of confinement, it could have no application to a case where the children are removed from the family home without the consent of the-father and then turn up in another county of the State. To hold otherwise would be to accord to the mother greater rights to the custody of children than to the father and such is not the case.
Furthermore, where a Justice of this court, on a full disclosure of the facts, has exercised his discretion as to where to make a writ returnable, it would be unseemly for another Justice of co-ordinate jurisdiction to change the venue on the ground the place chosen was improper, which, as indicated, is the only ground on which this motion is being considered. (Mount Sinai Hosp. v. Davis, 8 A D 2d 361.) Motion denied.