THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE ANTONIO IRIZARRY, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.—

No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT STOKROCKI, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, et al., Respondents.—

Even assuming, as relator contends, that the sentence imposed for the 1951 conviction was improper, nevertheless relator pleaded guilty to the crimes for which he was then sentenced. Such plea of guilty is sufficient basis for sentence on the 1957 crimes as a second felony offender. Moreover, habeas corpus is not a remedy to review the sentence imposed for a crime committed in 1951, where, as here, such sentence has expired and the relator presently is confined under an entirely different sentence. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

JOHN J. ROONEY, an Infant, by ROBERT E. ROONEY, His Guardian ad Litem, et al., Respondents, v. JOHN M. RAPLEE et al., Appellants.—

A preference under such local rule should not be granted unless the same compelling circumstances exist as are prerequisite under rule 151 of the Rules of Civil Practice, such rule of civil practice being referred to in the foregoing subdivision (d) of the local rule. The record here fails to show the existence of such circumstances. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.