■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID WILLIAMS, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, rendered July 24, 1970 on resentence, which convicted appellant of attempted burglary in the third degree, under sections 260 and 404 of the former Penal Law, upon his plea of guilty. Judgment affirmed. The sentencing minutes of October 6, 1954, at page 2, reveal compliance with section 480 of the Code of Criminal Procedure (see *People ex rel. Williams* v. *Murphy,* 6 N Y 2d 234, 236). Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES LOUIS ROSE, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, entered May 15, 1969, which dismissed the writ. Appeal dismissed, as moot, without costs. After the entry of the judgment relator was discharged from the custody in which he had been held on and prior to said entry date and he concedes that he is presently confined to Comstock Prison serving a seven-year sentence after a jury trial on unrelated matters. Therefore, his liberty is not restrained under the 1968 sentence here attacked and accordingly he is not entitled to the extraordinary writ of habeas corpus (*People ex rel. Wilder* v. *Markley,* 26 N Y 2d 648; *People ex rel. Hampton* v. *Schrader,* 34 A D 2d 1000). Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS J. WEBB, Appellant, v. W. CECIL JOHNSTON, as Superintendent of Matteawan State Hospital, Respondent.— Appeal by relator from two purported judgments of the Supreme Court, Dutchess County (described in the notices of appeal by the respective dates of June 1, 1970 and January 8, 1971, and as having dismissed writs of habeas corpus). Relator in his petition for both writs sought to be transferred from Matteawan State Hospital to a civil hospital. On the return date of the second writ an application for an order authorizing further retention of relator was also before the court. Both those matters were consolidated and a hearing was held on relator's existing mental state. Following the hearing a retention order was made by said court, dated January 8, 1971. Appellant's brief on these appeals abandons his appeal from the first purported judgment and is addressed only to the order of retention. However, no notice of appeal was filed with respect to that order. Appeals from the two purported judgments dismissed, without costs. It appears that no such judgments were made. Had such judgments been made and entered and were an appeal from the retention order properly before us, we would have affirmed such judgments and such order, on the ground that the testimony at the hearing on January 8, 1971 fully supported the dismissal of the writs of habeas corpus and the order of retention. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.