■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM ANTHONY GANCI, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: In 1967, following his plea of guilty to attempted grand larceny, second degree, relator was sentenced to the Elmira Reformatory for a term not to exceed five years. In 1970 relator was granted parole to commence serving a subsequent unrelated 10-to-30-year sentence imposed in 1968, for which he is now confined. Realtor contends that his initial sentence was illegal and must now be set aside, since the adult maximum term of imprisonment for attempted grand larceny, second degree, was two and one-half years and he had not been informed that a reformatory sentence might be imposed pursuant to section 2185 of the former Penal Law. Habeas corpus, however, is not available to review a sentence which has expired and relator raises no question regarding the second sentence *(People ex rel. Rose v Follette,* 37 AD2d 864; *People ex rel. Stokrocki v Fay,* 14 AD2d 807). Relator was transferred to an adult facility two months after his arrival at the Elmira Reformatory. He contends that the failure to credit him with good time on that sentence delayed the start of his second sentence by 16 months. While relator's claims may be entertained in an appropriate proceeding, a writ of habeas corpus is not available, since the relief sought would not result in his immediate discharge *(People ex rel. Lane v Vincent,* 32 NY2d 940; *People ex rel. Radunovich v Mancusi,* 42 AD2d 919). (Appeal from judgment of Cayuga County Court dismissing writ of habeas corpus.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.

■ In the Matter of EDWARD J. O'MARA, as Superintendent of Wallkill Correctional Facility, Petitioner, v JULIAN R. HANLEY, as a Temporary Acting Supreme Court Justice of the Wyoming County Supreme Court, Respondent.—Application for writ of prohibition unanimously granted, without costs. Memorandum: Petitioner brings this article 78 proceeding to prohibit the respondent, an acting Supreme Court Justice, from making a writ of habeas corpus returnable before him in Wyoming County. The prisoner, formerly an inmate of Attica Correctional Facility in Wyoming County, has been transferred to Wallkill Correctional Facility in Ulster County. The statute requires that the prisoner must be produced before an appropriate Justice in the county in which the prisoner is detained. (CPLR 7004, subd [c]; *Matter of Hogan v Culkin,* 18 NY2d 330.) The respondent was without jurisdiction to make the writ returnable in Wyoming County and prohibition is granted. (Article 78 proceeding for a writ of prohibition.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.