Beatrice Shainswit, J.
The CPLR article 78 and habeas corpus proceedings on the calendar of April 6, 1976, are consolidated for disposition.
This case comes before the court as an emergency. By way of petition for a writ of habeas corpus, the Spence-Chapin Services to Families and Children seeks the removal of two children from a foster home, in accordance with a determination by the Department of Social Services. The foster parents have refused to comply with that determination, made after a 15-day hearing, wherein the department found that leaving the children in the foster home presented an immediate danger to their well-being and safety. It based this finding on serious deficiencies in the treatment of these two children, involving nutritional and physical abuse, and — primarily—on the fact that a third foster child had been removed to Queens Hospital Center with deliberate injuries so terrible as to evoke from the hearing officer the comment that she had never "been personally presented with a more serious example of the 'battered child syndrome’ ”. She concluded that: "The *430 preponderance of evidence indicates that [the children] should be removed from the Gill home. To do otherwise would be an abdication of both the agency’s and the city’s obligation to protect them.”
The court is satisfied that there is ample justification for the findings by the department, after its lengthy and proper independent review. The court is further satisfied that no delay should be countenanced in extricating the two remaining foster children from an environment which poses peril to their health, safety, and even perhaps to their very lives.
The court has heard counsel on oral presentation for Spence-Chapin, the foster parents, and the Corporation Counsel on behalf of the Department of Social Services. On that presentation, counsel agreed that everything needful was before the court, and agreed to submit both the habeas corpus proceeding, and the concomitant article 78 proceeding, to the court on the existing papers. The court has carefully studied all this, especially the determination of the department and its basis.
The foster parents rely heavily on a ruling by the Federal court in Organization of Foster Families for Equality and Reform v Dumpson (411 F Supp 1144). The procedural requirements laid down in that ruling, where relevant to the instant matter, appear to have been fully complied with by the department in this careful hearing. In any event, the Federal ruling specifically concludes that (p 1153): "Of course, our decision today does not in any way limit the authority of the State to act summarily in emergency situations.”
If ever a case squarely falls within the emergency exception, the facts here obviously do, thus rendering moot anything in the Federal ruling that might conceivably handcuff this court in administering an appropriate judgment.
This court is further satisfied that it has jurisdiction, despite the residence of the foster parents in Queens County, as a matter of law under CPLR 7004 (subd [c]). (See Matter of Hogan v Culkin, 18 NY2d 330, 335.) And, if it be a matter for my discretion, I certainly exercise it in favor of asserting jurisdiction to prevent the risks which are at stake in this proceeding.
Further, the foster parents themselves invoked the jurisdiction of this court in first starting the article 78 proceeding here. I do not believe Spence-Chapin was then required to *431 have the same issue heard piecemeal in two separate branches of the Supreme Court.
I dispose of the habeas corpus proceeding first. As noted, I find there is in fact an emergency calling on the court to exercise all of its powers, express and inherent. I find that, on this record, the best interests of the two children require their immediate rescue. I find that the adoption agency is entitled to a forthwith directive extricating the children from the clutches of the foster parents. I find, on the law, on the facts, and in the exercise of my discretion, that Spence-Chapin is entitled to the relief it seeks in this habeas corpus proceeding.
I further find, as to the article 78 proceeding, that there was adequate and rational basis for the conclusions of the Department of Social Services. I consider the challenges generated to those conclusions to be frivolous. The papers present no real attack on the correctness of the department finding; they are premised on the statutory provision for a review of the department’s finding by the State Department of Social Services (Social Services Law, § 400). Although the foster parents concede that the statute does not provide for a stay of the city department’s order pending such review, they ask the court to exercise its discretion to order such a stay. That is the crux of the article 78 petition. The court need hardly say that any discretion it has in this case is being exercised, in the best interest of the children, to accelerate a disposition, rather than to delay it, and to remove the children from this dangerous environment as promptly as possible. I dismiss the article 78 petition in all respects.
In conformity with the foregoing, prompt judgments should be settled with respect to each of the matters adjudicated herein. No more than 24 hours notice of settlement need be given.