In the Matter of STANLEY STEINGUT et al., Petitioners, v EUGENE GOLD, as District Attorney of Kings County, et al., Respondents.

Second Department, November 15, 1976

*Herald Price Fahringer (Lipsitz, Green, Fahringer, Roll, Schuller & James* of counsel), for petitioners.

*Eugene Gold, District Attorney (Helman R. Brook, Steven W. Fisher* and *Laurie Stein Hershey* of counsel), respondent *pro se.*

SHAPIRO, J. This is a CPLR article 78 proceeding, in the nature of prohibition, to enjoin respondents Eugene Gold, the District Attorney of Kings County, and Honorable LEON B. POLSKY, as an Acting Justice of the Supreme Court, from prosecuting petitioners Stanley Steingut and Robert Steingut under an indictment returned by the Grand Jury of Kings County (Indictment No. R-4511-1975).[1] We grant the petition.

Stanley Steingut is the Speaker of the New York State Assembly. His son, Robert Steingut, is now a Councilman-at-Large in the City of New York from the County of Kings, but at the time of the commission of the acts alleged in the indictment he had not yet been elected to that office.

### INDICTMENT

The indictment, in two counts, charges the petitioners jointly with having committed the crime of corrupt use of position or authority in violation of subdivisions 1 and 3 of section 448 of the Election Law by promising to assist one Hans Rubenfeld to obtain the position of Advisor to the Civilian Complaint Review Board of the New York City Police Department, an "office" or "a public office and place", in exchange for money or other considerations to be contributed by Rubenfeld to Robert Steingut in his campaign for the office of Councilman-at-Large from Kings County.

Section 448, so far as is here relevant, reads:

"§ 448. Corrupt use of position or authority.

"Any person who:

"1. While holding public office, or being nominated or seeking a nomination or appointment therefor, corruptly uses or promises to use, directly or indirectly, any official authority or influence possessed or anticipated, in the way of conferring upon any person, or in order to secure, or aid any person in

---

1. The petitioners additionally, or in the alternative, seek a judgment declaring that the conduct with which they are charged in the indictment does not constitute a violation of subdivisions 1 and 3 of section 448 of the Election Law. In view of our conclusion we do not reach that prayer for relief.

securing, any office or public employment, or any nomination, confirmation, promotion or increase of salary, upon consideration that the vote or political influence or action of the person so to be benefited or of any other person, shall be given or used in behalf of any candidate, officer or party or upon any other corrupt condition or consideration; or * * *

"3. Makes, tenders or offers to procure, or cause any nomination or appointment for any public office or place, or accepts or requests any such nomination or appointment, upon the payment or contribution of any valuable consideration, or upon an understanding or promise thereof * * *

"Is guilty of a felony."

### PRELIMINARY PROCEEDINGS

The petitioners, as defendants, moved before Judge POLSKY for dismissal of the indictment on various grounds, including that of lack of jurisdiction. On June 7, 1976, in a lengthy opinion, the learned Judge denied their motion *(People v Steingut,* NYLJ, June 11, 1976, p 9, col 3). This application for an order of prohibition then followed.[2]

### CONTENTIONS OF THE PARTIES

Among other contentions, the petitioners argue that the Kings County Grand Jury which indicted them had no jurisdiction to do so because all of the misconduct charged occurred in New York County and that the honorary position of Advisor to the Civilian Complaint Review Board of the Police Department (CCRB), which the petitioners are alleged to have promised to obtain for Rubenfeld, is not, as a matter of law, "a public office or place".[3] The respondents, on the other hand,

---

2. Of course, prohibition is available even though the same relief has been sought and denied at the Criminal Term. In fact that is the usual situation (cf. *Matter of Dondi v Jones,* 40 NY2d 8; *Matter of Nigrone v Murtagh,* 36 NY2d 421; *Matter of Hogan v Culkin,* 18 NY2d 330; *Matter of Hogan v Court of General Sessions,* 296 NY 1).

3. They also contend that the prosecutor's charge to the Grand Jury did not comply with the requirements of CPL 210.35 (subd 5) because he failed to read section 448 of the Election Law to them or to explain the legal significance of the words "public office or place". Even if petitioners were correct in those contentions, and they are not, since we find that the Assistant District Attorney sufficiently explained the applicable law to the Grand Jury, such a deficiency would not warrant this court's intervention by way of prohibition for, as Chief Judge BREITEL, speaking for a unanimous court, said: "The courts may not entertain a collateral proceeding to review an error of law in a pending criminal action, however egregious" *(Matter of*

contend that the position of Advisor to the CCRB, for which Rubenfeld was allegedly angling, was one with "a public-connected function"—and "was to be honorary only insofar as Mr. Rubenfeld, a man of substantial means, was willing to undertake it and to serve the community without remuneration."

While admitting that all of the discussions and transactions between Rubenfeld and the Steinguts took place in New York County, the District Attorney answers petitioners' jurisdictional contention by relying upon CPL 20.40 (subd 2) and 20.10 (subd 4).

Section 20.40 (subd 2), so far as it is here relevant, confers jurisdiction over an offense to the courts of a county when:

"Even though none of the conduct constituting such offense may have occurred within such county: * * *

"(c) Such conduct had, or was likely to have, a particular effect upon such county or a political subdivision or part thereof, and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein".

Subdivision 4 of CPL 20.10 provides that: "When conduct constituting an offense produces consequences which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction, or result in the defrauding of persons in such jurisdiction, such conduct and offense have a 'particular effect' upon such jurisdiction."

## DOES PROHIBITION LIE?

In *Matter of Hogan v Culkin* (18 NY2d 330, 336) the court said: "We have uniformly held that prohibition is the proper remedy whenever a court threatens to act without or in excess of its power, not only with respect to a lack of jurisdiction over the subject matter * * * but also where the Legislature has confined the exercise of jurisdiction to a court of some other county."

It is thus clear that this article 78 proceeding was properly instituted to test the jurisdiction over the petitioners in Kings

*State of New York v King,* 36 NY2d 59, 62). For the same reason, we do not reach the contention urged upon us by the petitioners that the honorary position of Advisor to the CCRB was not "a public office or place".

County, and the respondent District Attorney properly so concedes, at page 19 of his brief.[4]

THE FACTS[5]

A luncheon meeting was arranged for Robert Steingut with Hans Rubenfeld, a successful retail merchant, by mutual friends. The luncheon was held in the Borough of Manhattan. At the luncheon Rubenfeld offered or promised to arrange a fund raising dinner among his friends and to raise or to contribute funds for Robert Steingut's campaign. (The dinner was never held, but Rubenfeld did thereafter contribute $2,-500 to Robert Steingut's campaign.) Robert Steingut, allegedly, as a *quid pro quo,* promised to see that Rubenfeld, a police buff, was appointed as an advisor to the CCRB.[6] Contending that the position of Advisor to the CCRB is an "office or public employment" or a "public office and place" the People asserted that the defendants thereby feloniously violated section 448 of the Election Law.

In analyzing the testimony before the Grand Jury with reference to this luncheon meeting, Judge POLSKY, in his opinion, said: "The grand jury minutes establish indisputably that Rubenfeld neither sought nor was promised any form of public employment. Everyone concerned unequivocally testified that for his efforts on Robert Steingut's behalf, all Rubenfeld wanted was an honorary position—not a paying job. Clearly a promise of 'public employment' was not established".

## THE LAW

Before Judge POLSKY, as he stated in his opinion, the People conceded that none of the conduct (of the petitioners here) which is the subject of the indictment occurred in Kings

---

4. Prohibition has been the traditional remedy where a question of geographical jurisdiction is involved. That it is the proper remedy in such a case is made manifest when it is recalled that a defendant who either was convicted or acquitted in a court which lacked geographical jurisdiction over him, or over the offense charged, may be retried in another forum having jurisdiction without the constitutional or statutory ban against double jeopardy being violated (see CPL 40.30).

5. We have culled the minutes of the Grand Jury and, in reciting the facts, we view them in the most favorable light to the People. The petitioners, of course, do not concede their verity.

6. One of the requisites for appointment as an Advisor to the CCRB was that the appointee be either a police officer or a civilian employee of the police department; Rubenfeld was neither. He was never appointed.

County, but in denying the motion to dismiss he said that: "Upon the evidence adduced before the grand jury, it cannot be said that there was not sufficient evidence for that body to have found reasonable cause to believe that the alleged unlawful acquisition of campaign funds [in New York County] for an election to be held in Kings County did not 'have a materially harmful impact upon the governmental processes or community welfare [of Kings County]'."

While it is true that county jurisdiction need not be established beyond a reasonable doubt, " 'if, from all the facts and circumstances introduced in evidence, venue may be fairly and reasonably inferred' " *(People v Hetenyi,* 304 NY 80, 84), yet, where the evidence conclusively establishes that all of the conduct complained of occurred in another county, the jurisdictional right to proceed must be established before the grand jury *(People v Greene,* 3 AD2d 768).

In view of the history of the applicable statutes, we do not agree with Judge POLSKY'S negative finding that there was sufficient evidence adduced before the Grand Jury that the petitioners' conduct had: "a *materially harmful impact* upon the governmental processes or community welfare [of Kings County]" (emphasis supplied). The applicable statutes require proof not only that the petitioners' actions caused "a materially harmful impact upon the governmental processes or community welfare" in the indicting county, but also that those actions were performed by them "with the intent that it would, or with knowledge that it was likely to, have such a particular effect therein".

The record before the Grand Jury was completely devoid of this indispensable statutory element of geographical jurisdiction and an analysis of the history of our "injured forum" venue statutes above mentioned (CPL 20.40, subd 2, par [c]; 20.10, subd 4) makes that clear. Jurisdiction to prosecute (sometimes referred to as venue) depends upon (1) the actual place of occurrence (the territorial principle) or (2) the "injured forum" principle, which applies when the criminal conduct is wholly committed in one jurisdiction but has an "effect" in the jurisdiction which desires to punish that conduct.

So far as our research has disclosed, the "injured forum" principle first made its appearance in the proposed Model Penal Code of the American Law Institute [Proposed Official Draft], which reads:

"Section 1.03 Territorial Applicability. * * * (f) The offense is based on a *statute* of this State which *expressly prohibits* conduct outside the State, when the conduct bears a reasonable relation to a *legitimate interest* of this State and the actor *knows or should know* that his conduct is likely to affect that interest" (emphasis supplied).

This was a *State* "injured forum" statute. The ALI revisors expressly rejected a county "injured forum" statute. Since its first appearance in the ALI studies, 11 States have adopted new criminal codes. All, except New York, have rejected both State and county "injured forum" statutes. New York adopted both (CPL 20.20, 20.40).

The present county "injured forum" statute was not included in its present form in the original "study" bill (see then section 10.40). Its contents met with protests from both the District Attorneys and County Judges Associations. The nature of their protests is relevant to our analysis of the meaning of the statutes in their present form.

The District Attorneys complained that the proposed statute gave all counties jurisdiction of all crimes and they gave, as an example, that under it any robbery or burglary of a bank in one county would cause an effect on depositors in many counties and the crime would be committed with intent and knowledge that it would have such effect.

What emerged after several submissions was the present statute *and a definition* of "particular effect." The original submission contained no such definition.

The present statute provides:

"§ 20.40 Geographical jurisdiction of offenses; jurisdiction of counties. * * *

"2. Even though none of the conduct constituting such offense may have occurred within such county: * * *

"(c) Such conduct had, or was likely to have, a *particular effect* upon such county * * * and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein" (emphasis supplied).

The definition was added to make certain that the "injured forum" county would be entitled to prosecute *only when the harm suffered in such county was greater than in the county where the crime was committed.*

The added and limiting definition contained in CPL 20.10 provides, in relevant part: "4. 'Particular effect of an offense.'

When conduct constituting an offense produces consequences which * * * *have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction,* or result in the defrauding of persons in such jurisdiction, such conduct and offense have a 'particular effect' upon such jurisdiction" (emphasis supplied).

The result intended to be effected by the definitions was that the conduct committed must cause a harmful impact, not on any individual or individuals, but on a whole community and the harm must be to "governmental processes" (i.e., the executive, legislative and judicial branches of government) or to the welfare of an entire community. The word "materially" was added to assure that the harm was one which had a definable and important—not a minor—effect.

Considering the statute in the light of its history, it seems clear that no evidence was adduced before the Grand Jury that the petitioners' conduct had or was likely to have "a *particular effect"* upon Kings County or was done "with knowledge that it was likely to, have such *particular effect* therein" (see CPL 20.40, subd 2, par [c]). Much less was there any proof that the petitioners' conduct could in any way "have a materially harmful impact upon the governmental processes or community welfare" of Kings County.

Under the circumstances, we are of the opinion that Kings County had no jurisdiction in the premises and that the order of prohibition should issue.

LATHAM, Acting P. J., COHALAN, MARGETT and RABIN, JJ., concur.

Petition granted, without costs or disbursements, to the extent that respondents are prohibited from trying petitioners under Kings County Indictment No. R-4511-1975.