In the Matter of DONALD GOUGER, Appellant, v LEONARD J. LITZ, as Judge of the Family Court of the County of Schenectady, et al., Respondents.

Third Department, December 8, 1977

## APPEARANCES OF COUNSEL

*Kanter, Blodnick & Haber (Kenneth R. Wolfe* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Michael F. Colligan* and *Ruth Kessler Toch* of counsel), for respondents.

## OPINION OF THE COURT

HERLIHY, J.

On May 4, 1977, Judge LEVINE of the Family Court of Schenectady County issued a warrant for the arrest of the petitioner for the violation of a support order. The warrant provided that bail of $2,500 was recommended and further provided as to the arrest that the peace officer "bring said person before this Court or *if said person is taken into custody outside of Schenectady County, then before a Family Court Judge in the County in which said person is taken into custody,* to be dealt with according to law." (Emphasis supplied.) The warrant further provided that it could "be executed on a Sunday or at night" and at the foot thereof recites the language of section 155 of the Family Court Act directing that if the Family Court was not in session when arrested, then the named person should be taken before "the most accessible magistrate" and arraigned.

The petitioner was arrested in Queens County on May 7, 1977 at about 7:00 P.M.; the peace officer, for some unexplained reason, brought him directly to Schenectady County; and, he was arraigned before Family Court Judge LEVINE at the Schenectady County Jail at about 10:30 P.M. on May 7, at which time bail of $15,000 was set. Upon the present record

there is nothing to suggest that the petitioner was not lawfully arrested.

While the matter is not entirely clear, it appears that the arraignment was continued to May 9, 1977, at which time the petitioner was brought before the Schenectady County Family Court, Judge LITZ, and was represented by counsel. At the May 9 hearing, the petitioner moved to reduce bail and to have the matter referred back to Queens County. Both motions were denied.

Thereafter on May 11, 1977, the petitioner agreed to withdraw certain habeas corpus proceedings and to execute a waiver of extradition in return for a reduction in bail, and the Family Court did reduce bail upon those conditions.

This case presents a question as to whether or not a Family Court that issues an arrest warrant for a person who has allegedly violated a support order is divested of jurisdiction unless and until the statutory provisions as to taking a detained person before a local Family Court Judge or the most accessible Magistrate are complied with.

■ ■ It is well established that a grant of prohibition via a CPLR article 78 proceeding is available in appropriate instances either to restrain an unwarranted assumption of jurisdiction or prevent a court from exceeding its authorized powers in a proceeding over which it has jurisdiction (CPLR 7803, subd 2; *Matter of Dondi v Jones,* 40 NY2d 8, 12-13; *La Rocca v Lane,* 37 NY2d 575, 578-579, cert den 424 US 968). It is equally true though that a proceeding will not be used where the grievance "is not final or can be adequately reviewed by appeal to a court or to some other body or officer" (CPLR 7801, subd 1; *Matter of Dondi v Jones, supra,* p 14; *La Rocca v Lane, supra,* p 579).

In this particular case we are concerned with the procedure set forth in part 5 of article 4 of the Family Court Act. (All statutory references herewith are to the Family Court Act unless otherwise specified.) The said article 4 is entitled "Support Proceedings" and part 5 is entitled "Compliance with Orders" and consists of sections 451 through 460. Section 451 provides that "[t]he court" has continuing jurisdiction over its support proceedings. The present arrest and proceeding arise out of such continuing jurisdiction. Section 453 provides that "the court" may ex parte issue a warrant for the arrest and

production before "the court" of one who fails "to obey any lawful order issued under this article" and that when such a warrant is issued, "the provisions of sections four hundred thirty-one and four hundred thirty-two apply." Section 431, as applicable, requires that a person arrested "be taken before the court issuing the warrant", if arrested in that county and if not, then "before a family court judge" in the county where arrested. This direction is the same as that contained in the ordering paragraph of the arrest warrant in the present proceeding. Section 432 provides as follows: "The court before whom the respondent is taken under section four hundred thirty-one may require an undertaking to appear or in default thereof may place the respondent in custody until the hearing commences." Lastly, section 172 provides that as to the commencement of enforcement proceedings in a county other than the one where the original order is made, there must be "a petition alleging that fact" and section 154 provides that the Family Court may send its "process or other mandates in any matter in which it has jurisdiction into any county * * * for service or execution".

■ ■ The statutory scheme does not indicate that jurisdiction of the proceeding should at any time be in the Family Court where the person is arrested or that the procedure upon arrest is related to jurisdiction. While the record strongly indicates that the arresting peace officer was without any authority to bring the defendant to Schenectady County, that is nothing more than a mere irregularity as between the Family Court and the parties to the proceeding before it. The only thing that the arrest in this case would facilitate is the imposition of incarceration as a punishment and under such circumstances there is no connection with jurisdiction in any particular county insofar as arraignment before any particular court or Magistrate is concerned. In *Matter of Hogan v Culkin* (18 NY2d 330) it was established that jurisdiction of the proceeding was to be in the county where detained; however, there is no such showing of jurisdiction in this case.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, MAIN and MIKOLL, JJ., concur.

Judgment affirmed, without costs.