■ In the Matter of GREGORY P. CUNNINGHAM, SR., Petitioner, v MICHAEL L. DWYER, as Oneida County Judge, et al., Respondents. [754 NYS2d 499] —Original CPLR article 78 proceeding commenced in this Court on August 23, 2002, seeking a writ of prohibition.

It is hereby ordered that said petition be and the same hereby is unanimously denied without costs.

Memorandum: Petitioner commenced this proceeding seeking a writ of prohibition preventing respondents from prosecuting him on larceny and forgery charges on which he previously had been prosecuted in another county. An indictment was filed in Montgomery County charging petitioner with one count of grand larceny in the second degree (Penal Law § 155.40 [1]) and 13 counts each of forgery in the second degree (§ 170.10 [1]) and criminal possession of a forged instrument in the second degree (§ 170.25). A second indictment was also filed in Montgomery County charging petitioner with two counts each of forgery in the second degree (§ 170.10 [1]) and criminal possession of a forged instrument in the second degree (§ 170.25). All of the charges in both of those indictments concern forged checks drawn on the account of Herkimer Precut, Inc. (Herkimer Precut), a business owned by Peter Morat. At the joint trial on those indictments, petitioner contended that the offenses charged in the first indictment had not occurred in Montgomery County. County Court (Catena, J.) instructed the jury to decide the issue of geographical jurisdiction at the outset of its deliberations because if Montgomery County lacked jurisdiction its verdict "may be void and ineffective." The jury found no jurisdiction with respect to all counts of the first indictment, and so indicated by writing "No Jurisdiction" at the top of the verdict sheet. The jury found petitioner guilty only of count two in the second indictment, charging forgery in the second degree.

An indictment subsequently was filed in Oneida County charging petitioner with one count of grand larceny in the second degree (Penal Law § 155.40 [1]), two counts of grand

larceny in the third degree (§ 155.35), and 19 counts each of forgery in the second degree (§ 170.10 [1]) and criminal possession of a forged instrument in the second degree (§ 170.25). Many of those charges concern checks drawn on an account maintained by Onondaga Logging, another business owned by Peter Morat. Eleven of those charges, however, concern Herkimer Precut checks that were part of the Montgomery County indictments on which petitioner previously was tried. Petitioner subsequently moved to dismiss the third indictment on the ground that a trial thereon is barred by the statutory prohibition against double jeopardy. County Court (Dwyer, J.) denied the motion, and petitioner commenced this proceeding seeking a writ of prohibition.

We reject petitioner's contention that a trial on the Oneida County indictment is barred by the statutory prohibition against double jeopardy. A defendant is not deemed to have been prosecuted for an offense for purposes of the double jeopardy statute when such prosecution occurs in a court that lacks jurisdiction over the defendant or the offense charged (*see* CPL 40.30 [2] [a]). We reject petitioner's contention that CPL 40.30 (2) (a) applies only to subject matter jurisdiction and in personam jurisdiction, not to geographical jurisdiction. The jury was properly instructed that it had to find at the outset whether Montgomery County had geographical jurisdiction with respect to the crimes charged and that, if the jury found that it lacked such jurisdiction, it was to cease its deliberations with respect to those crimes (*see* 1 CJI[NY] 8.11, at 394; *People v Ribowsky*, 77 NY2d 284, 292; *Matter of Machado v Donalty*, 107 AD2d 1079, 1080). The jury did so with respect to the crimes charged in the first indictment and thus never considered the merits of those charges. Because the Montgomery County prosecution with respect to those charges is a nullity (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 40.30, at 344), a retrial on those charges is not barred by statutory double jeopardy (*see* CPL 40.20 [1]; *see also People v Charles*, 78 NY2d 1044, 1047; *Matter of Steingut v Gold*, 54 AD2d 481, 485 n 4, *affd* 42 NY2d 311). We have examined petitioner's remaining contentions and conclude that they are lacking in merit. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Gorski and Lawton, JJ.