People v Ashton O. (2026 NY Slip Op 00750)

People v Ashton O.

2026 NY Slip Op 00750

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

994 KA 24-01140

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vASHTON O., DEFENDANT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from an adjudication of the Wayne County Court (Richard M. Healy, J.), rendered April 24, 2024. Defendant was adjudicated a youthful offender upon his plea of guilty of hazing in the first degree and forcible touching. 
It is hereby ORDERED that the adjudication so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Wayne County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a youthful offender adjudication based upon his plea of guilty of hazing in the first degree (Penal Law § 120.16) and forcible touching (§ 130.52 [1]). We reverse.
Defendant, who was 15 years old at the time of the incident, was indicted on three counts, including one count of aggravated sexual abuse in the first degree (Penal Law § 130.70 [1] [a]), a felony. Defendant was arraigned in County Court (Youth Part). The People brought a motion pursuant to CPL 722.23 to prevent removal of the case to Family Court and alleged that defendant was an adolescent offender. The court granted the People's motion. Thereafter, the court granted that part of defendant's omnibus motion seeking dismissal of the felony count of aggravated sexual abuse in the first degree on the basis of legally insufficient evidence before the grand jury, and the People indicated that they would not seek leave to represent the felony charge. Thereafter, defendant pleaded guilty to the two remaining misdemeanor counts and was adjudicated a youthful offender. As the People correctly concede, reversal is required inasmuch as the court lacked jurisdiction to render such an adjudication. Defendant did not qualify as an adolescent offender because he was 15 years old at the time of the incident (see CPL 1.20 [44]), and therefore the court erred when it considered and granted the People's motion to prevent removal of the matter to Family Court (see CPL 722.23). Furthermore, inasmuch as defendant did not qualify as a juvenile offender (see CPL 1.20 [42]) and could not be held criminally responsible for the remaining misdemeanor counts due to his age, defendant was subject to the jurisdiction of Family Court and the matter should have been transferred to Family Court for a determination whether defendant should be adjudicated a juvenile delinquent (see CPL 210.30 [7]; Family Ct Act §§ 301.2 [1]; 302.1 [1]).
Although the felony charge was dismissed on the ground of legally insufficient evidence before the grand jury and the People have declined to seek leave to represent that charge, we reject defendant's contention that the remaining charges of the indictment must be dismissed where, as here, the court lacked jurisdiction to adjudicate the matter and such adjudication was a nullity (see Matter of Cunningham v Dwyer, 302 AD2d 888, 889 [4th Dept 2003], appeal dismissed 99 NY2d 659 [2003], rearg denied 100 NY2d 577 [2003]; see generally People v Harris, 182 AD3d 992, 994 [4th Dept 2020], lv denied 35 NY3d 1066 [2020]; People ex rel. Aurnou v Strack, 286 AD2d 690, 691 [2d Dept 2001], lv denied 97 NY2d 607 [2001], rearg denied 97 NY2d 726 [2002], cert denied 536 US 926 [2002]). We therefore reverse the [*2]adjudication, vacate the plea, and remit the matter to County Court (Youth Part) for the entry of an order removing the action to Family Court.
In light of our determination, defendant's remaining contentions are academic.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court