THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HAROLD I. LORENZ, Appellant.

Fourth Department, March 29, 1962.

*James Robinson, Jr.,* for appellant.

*Carman F. Ball, District Attorney (David M. Coffey* of counsel), for respondent.

*Per Curiam.* An indictment accused appellant in three counts of robbery, second degree, in that he took personal property from three named persons after placing each in fear of immediate injury to his person. Following a trial defendant was found guilty of three counts of robbery, third degree. There was proof upon the trial that on the night in question a man wearing a mask fashioned from a silk stocking entered a delicatessen and took from the three persons named in the indictment — a clerk and two customers — money and other valuables.

The clerk testified that prior to the robbery he had seen defendant "roaming about the neighborhood" but with the mask on he "couldn't tell who [the robber] was at all." The next day, however, the clerk and the other two persons in the store, according to their testimony, had no difficulty in selecting defendant from a police line-up and identifying him as the perpetrator of the robbery.

Crucial in the case was the testimony of a Mrs. Bolt who had known defendant for some time. If doubt existed as to the guilt of defendant her testimony may well have been conclusive. She testified that on the night in question, shortly after the hour fixed by the victims as the time of the robbery, appellant came to the home where she was visiting and threw a nylon stocking on the table, asked for and received another stocking. At the same time he exchanged his black coat for another and obtained a light grey hat. She identified a straw hat found near the scene of the crime as having been in the possession of defendant on the night in question. Appellant instructed those present, according to her testimony, that if anyone asked about him to say that he had been there for an hour. Mrs. Bolt also related an overheard conversation between defendant and a third person in which the former said "they are looking for me."

The credibility of this witness was put in question by her admissions on cross-examination. It appeared therefrom that the defendant had given the witness a written statement that he would make certain payments on an automobile purchased by the witness. This he failed to do and subsequently the witness sustained a loss of $800. Moreover, Mrs. Bolt was the first witness called by the prosecution. Her testimony was meaningless until the jury had heard the subsequent witnesses describing the time and manner of the commission of the crime.

Following a trial of two days the jury retired and after an hour returned and asked to have the testimony of Mrs. Bolt read to them. It then developed that the stenographer, who had taken that part of the testimony, could not be found. This fact was explained to the jury and they were twice told by the court that if the stenographer "can't be reached tonight, you will have to be locked up until tomorrow morning." This occurred at 4 o'clock in the afternoon. The jury never heard the testimony of this witness read, as they had requested, although there are intimations that the stenographer was eventually found before the jury reached a verdict at 8:30 in the evening. In any event, after deliberating some six hours the jury returned a verdict finding defendant guilty of robbery, third degree. It might be surmised that this was a compromise

verdict. There was clear proof that all the victims had been placed in fear of injury to their persons so as to constitute the crime of robbery, second degree.

The subsequent proceeding taken some seven months later "to settle the record" was of no force and effect except to lend support to the view that all that had gone before relating to this incident was prejudicial to the rights of appellant. In such a proceeding a minimal requirement would have been to have the defendant present. He was undoubtedly in an equal position with the other witnesses who testified thereat to give his version as to what transpired after the jurors announced their verdict.

The request of the jury for the reading of the testimony of Mrs. Bolt came within the provision of section 427 of the Code of Criminal Procedure. (Cf. *People* v. *Gonzalez,* 293 N. Y. 259.) The denial thereof was error which was compounded by the twice-repeated statement made in the early afternoon that if the jury pressed their request and the stenographer could not be found, the jurors would be locked up for the night.

The judgment of conviction should be reversed and a new trial granted.

Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ., concur.

Judgment of conviction unanimously reversed on the law and facts and a new trial granted.