In the Matter of RICHARD TARTT, Petitioner, v KENNETH N. BROWNE, as a Judge of the Supreme Court of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78, in the nature of prohibition, (1) to prohibit respondents from commencing a trial of petitioner and one Kevin Drew under Indictment No. 2651/74 and (2) to direct respondents to discharge petitioner and Drew from custody. Application granted and indictment dismissed, without costs. Petitioner and a codefendant were indicted and charged with the crimes of robbery in the first degree, burglary in the second degree and grand larceny in the third degree. The trial commenced on April 7, 1975; a jury was duly impaneled and witnesses testified in full for the People and the defense. After both sides rested counsel summed up the case and the jury was charged. It commenced its deliberations on April 21, 1975 at approximately 11:30 A.M. The deliberations continued until 11:30 P.M., at which time the jury was sequestered and retired for the evening. On April 22, 1975, at 10:30 A.M., the jury sent a message to the Trial Justice asking whether the People could have called rebuttal witnesses at the conclusion of the defendants' case. The jury was recalled and the following colloquy ensued: "The Court: Mr. Foreman, you

jurors have now been deliberating for a lengthy period of time; is that correct? Foreman, Juror No. 1: That's correct. The Court: Is there any possibility that you can come up with a verdict within a reasonable time as it presently stands? Foreman, Juror No. 1: We had requested two items. I think it would be very essential that we hear them. The facts of these may possibly bring it to a verdict." The court then noted "the trend of the number of questions that [the] jurors have asked," and indicated that their question as to rebuttal testimony was not within their purview, and stated: "You're in directions that make it abundantly clear that you could not come up with a verdict that would be consistent with the evidence that is presently before you." The court then, on its own motion, and in the interest of justice, declared a mistrial and directed a new trial to commence within one week. The continuance of that trial is the subject of this prohibition application. CPL 310.60, which pertains to the discharge of a jury before a verdict is rendered, reads as follows, in pertinent part: "1. A deliberating jury may be discharged by the court without having rendered a verdict only when: (a) the jury has deliberated for an extensive period of time without agreeing upon a verdict with respect to any of the charges submitted and the court is satisfied that any such agreement is unlikely within a reasonable time". When the jury requested information regarding rebuttal evidence, it was incumbent upon the trial court to explain to it the propriety or impropriety of the request and then permit it to resume its deliberations. There is nothing in this record to indicate that the jury was unlikely to reach a verdict within a reasonable time. On the contrary, the foreman indicated that, given certain facts, it "may possibly bring it to a verdict". The statute should be followed. It was improper for the court to grant a mistrial simply because it believed the jury was headed in the wrong direction and might possibly bring in a wrong verdict. It is the inability to agree, not the possibility of an erroneous verdict, which requires a mistrial. The petition should therefore be granted, the indictment dismissed and the petitioner and his codefendant discharged from custody forthwith, since to try them again upon the same indictment would violate their constitutional right not to be put in jeopardy twice for the same offense (see *People ex rel. Brinkman v Barr,* 248 NY 126). Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.