█ In the Matter of SHELDON SIDEWITZ, Petitioner, v FRANK VACCARO, as Justice of the Supreme Court of the State of New York, County of Kings, et al., Respondents.—Proceeding pursuant to CPLR article 78 (1) to prohibit respondents from commencing a retrial of petitioner under Indictment No. 2331/74, and (2) for dismissal of the said indictment. Petition granted and indictment dismissed, without costs or disbursements. Petitioner went on trial on November 10, 1974, charged with two counts of assault and one of

reckless endangerment. Petitioner's defense revolved around a claim of lack of mental competence at the time of his actions. The trial lasted for three days; the case was submitted to the jury on November 14, 1974 at approximately 11:10 A.M. The jury returned three times during the course of the day for clarification of the charge and the rereading of testimony. At 1:45 A.M. on November 15 the jury was recalled, at which time the foreman stated that during their last poll the jurors had reached a partial verdict, but, "as we were walking from the jury room, I have reason to believe we have not (reached a verdict) on any of the counts." The trial court, although requested to do so by defense counsel, refused to poll the jury at that point to determine whether a partial verdict had in fact been reached. The jury retired once again, and, at 3:15 A.M., it was again recalled. By a vote of 8-4, the jury indicated a desire to continue its deliberations. Despite this, a mistrial was declared. At 1:45 A.M. the foreman had indicated that the jury had reached a partial verdict prior to its being recalled to the courtroom; only at the last instant had that partial verdict been placed in doubt. Eight jurors desired a continuation of deliberations at the time the mistrial was declared. Upon these facts, it was error to conclude that agreement was unlikely within a reasonable time, as required by CPL 310.60 (subd 1, par [a]). The trial court should not have declared a mistrial without further ascertainment of the true situation. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Hawkins, JJ., concur.