■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ARCAROLA, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered August 19, 1982, convicting him of burglary in the third degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. During its deliberations the jury requested that the entire testimony of four of the eight trial witnesses be read back. Instead of complying with this request, the court instructed the jury as follows: "I have received your note and the Reporter will have no problem locating any question of the testimony that you want read back, however, considering he fact that there were only eight witnesses that testified in this case and your note has requested the full testimony of four of those witnesses, I do feel that some refinement will be necessary on your part. What I would suggest you do is as follows: Go back into the jury room and do your best to discuss the testimony that you have requested and when you cannot reach a consensus as to any

portion of testimony of that witness, if you will identify that portion of the witness' testimony whether it be on direct or cross-examination, we'll locate it. Obviously, this has not been that lengthy a trial. All of the evidence has been presented to you in the last several days. Had this been a matter of a four or six week trial and you were having a lot of difficulty recollecting, it obviously would be more likely to give you what you have asked for but in view of the fact the trial has taken just a few days and that testimony is pretty fresh in your memory, if you cannot reach a consensus as to any particular area of the testimony, we'll locate it and furnish you with it, so, I would ask what you should do is return to your deliberations and identify those portions of the four witness' [sic] that you wish and we'll have it read back for you." Following this instruction, which was duly protested by defense counsel, the jury reached its verdict without any further requests. The trial court's refusal to permit the readbacks as requested constituted reversible error. Under CPL 310.30, a jury may in the course of its deliberation request further information with respect to the content or substance of any trial evidence. Upon receipt of such a request, the court must give such requested information as it deems proper. While the statute vests some measure of discretion in the court regarding the manner in which the response to a jury's request is framed, that discretion is circumscribed "by the requirement that the court respond meaningfully to the jury's request for further instruction or information" (People v Malloy, 55 NY2d 296, 302). The factors to be considered in determining whether the court has abused its discretion include: the form of the jury's question, which might require clarification in order to be answered; the subject matter of the inquiry; the supplemental instruction or information actually given; and the presence or absence of prejudice to the defendant (p 302). Applying these factors to the case at bar, we find that the trial court abused its limited discretion by refusing to comply with the jury's request as made. The request was clear and unequivocal, requiring no further clarification or refinement, and there was therefore no basis for asking the jury to limit its request. Also, among the witnesses whose testimony the jury wished to hear were the defendant and his alibi witness. Since the case involved an alibi defense and presented a close question of identification, careful consideration of that testimony was crucial to the jury's deliberation, and the jurors were entitled to hear that testimony again if they felt it was necessary in order to properly perform their function. It is our view that the trial court influenced the jury to rescind its request to hear the testimony again (see People v Ravenell, 82 AD2d 868; People v Lorenz, 16 AD2d 135). Since this case must be remitted for a new trial, we also note our disapproval of certain elements of the court's charge to the jury and of certain remarks made by the prosecutor in summation. While defendant failed to object (CPL 470.05, subd 2) and while we do not view these errors as sufficient to warrant reversal as a matter of discretion in the interest of justice (CPL 470.15, subd 6), we nevertheless discuss them briefly so as to avoid their recurrence. First, the court's charge to the jury regarding identification and alibi should have been more clear. This was not, strictly speaking, a case in which the only evidence connecting defendant with commission of the crimes was eyewitness identification testimony. There is no question that the car found near the scene of the burglary, containing the stolen merchandise, belonged to defendant. Nevertheless, the only testimony placing him at the scene was that of a single police officer, whose observation was made under what can best be described as difficult circumstances. When viewed in conjunction with alibi defense, the case presented a close identification question, and it was therefore incumbent upon the trial court to give an appropriate charge. Such a charge should have directed the jury to focus on the accuracy as well as the veracity of the identification testimony (People v Daniels, 88 AD2d 392)

and should have enumerated in greater detail those factors to be considered in weighing the accuracy of the identification (*People v Daniels, supra,* pp 401-402, citing CJI 10.01 part A). In addition, the trial court's statement that defendant had *"attempted* to interpose a defensive alibi" was unfortunate and should be avoided. Second, we note that at several points in his summation, the prosecutor presented his own belief as to the truth of the testimony of defendant and his witnesses, while vouching for the truthfulness of the People's witnesses. This was improper (*People v Whitehurst,* 87 AD2d 896) and must not be repeated. We have considered defendant's other contentions and find them to be without merit. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.