■ In the Matter of JOHN J. MASIN, JR., Petitioner, v COUNTY COURT OF SCHUYLER COUNTY et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1) to prohibit respondents from further prosecution of an indictment returned by a Schuyler County Grand Jury charging petitioner with assault in the second degree, criminal mischief in the third degree and reckless endangerment in the first degree. In November, 1982, petitioner was indicted for the crimes of assault in the second degree, criminal mischief in the third degree, and reckless endangerment in the first degree. Petitioner pleaded not guilty to these charges and applied, *inter alia,* to County Court to suppress inculpatory statements made by him to law enforcement personnel and to dismiss the indictment upon suppression of the statements. County Court granted the suppression motion but denied the motion to dismiss the indictment. The People appealed from the order of suppression and petitioner commenced the instant proceeding to prohibit respondents from further prosecution of the indictment. Citing County Court's finding that the suppressed statements constituted "the only evidence of [petitioner's] guilt presented to the Grand Jury", petitioner asserts that County Court was *required* to dismiss the indictment.* Prohibition, however, is an extraordinary remedy and is available only where petitioner has established a clear right to relief and where action taken or threatened is clearly without jurisdiction or in excess of jurisdiction (*Matter of State of New York v King,* 36 NY2d 59). Further, prohibition is not available to review claimed errors of substantive or procedural law, even where constitutional issues are involved (*La Rocca v Lane,* 37 NY2d 575, 580, cert den 424 US 968; *Matter of Bloom v Clyne,* 69 AD2d 956). In view of these principles, we conclude that County Court's denial of the motion to dismiss the indictment is not subject to review at this time by way of collateral proceeding (cf. *Rossettie v Finnerty,* 85 AD2d 928). The petition should, therefore, be dismissed. Application denied, and petition dismissed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

---

* We would note that the People have admitted that if they are unsuccessful on the appeal from County Court's order granting defendant's suppression motion, "any reasonable possibility of prosecuting * * * [defendant would be] destroyed".