■ FIREMAN'S FUND INSURANCE COMPANIES, Appellant, v FREDDIE GARRISON, Respondent. — In a proceeding to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered August 16, 1983, which denied the application. Judgment affirmed, with costs. Although we affirm, we note that the issue of whether there were one or two accidents is a matter to be resolved by the arbitrator. Subdivision 2 of section 675 of the Insurance Law is a broad arbitration clause embracing all disputes with respect to entitlement to first-party benefits arising under the statute (*Ryder Truck Lines v Maiorano,* 44 NY2d 364, 369). Lazer, J. P., Gibbons, Thompson and Boyers, JJ., concur.

■ BASHEER HAMEED et al., Petitioners, v SEYMOUR ROTKER, as Acting Justice of the Supreme Court of the State of New York, 11th Judicial District, Respondent. — Proceeding pursuant to CPLR article 78 (1) in effect, to prohibit respondent from commencing a second retrial of petitioners under indictment No. 1493/81, and (2) for dismissal of the said indictment. Proceeding dismissed, without costs or disbursements. Notwithstanding the fact that the trial court had delivered an *Allen* charge (*Allen v United States,* 164 US 492) three hours prior to its declaration of a mistrial, it was not bound to substitute an available alternate, pursuant to CPL 270.35, when one juror was unable to continue deliberations. Because the jury had been deliberating for seven days and had twice declared itself deadlocked (first on the fourth day of deliberations and again on the seventh day of deliberations), the court could have concluded that agreement on a verdict was unlikely within a reasonable time and thus properly declared a mistrial in accordance with CPL 310.60. The Trial Judge was "best situated intelligently to make such a decision" (*Gori v United States,* 367 US 364, 368) and, under all the relevant facts and circumstances, we find that he exercised his discretion properly and that retrial will not deprive petitioners of any constitutional right (*Gori v United States,* 367 US 364, 368, supra; *Arizona v Washington,* 434 US 497, 510; *Hall v Potoker,* 49 NY2d 501, 505; *Matter of Respeto v McNab,* 90 AD2d 308, 311, affd 60 NY2d 739; *People v Rial,* 25 AD2d 28, 31). Moreover, it is well settled that the failure of successive juries to reach a unanimous verdict does not interdict a further retrial (*Arizona v Washington, supra; Chin v United States,* 622 F2d 1090, 1092, cert den 450 US 923; *United States v Mespoulede,* 597 F2d 329; *People v Kirby,* 112 Misc 2d 906, 907-909, approved on this point, revd on other grounds 92 AD2d 848, application for lv to app granted 60 NY2d 706). To the extent that petitioners seek dismissal of the indictment in the interest of justice, we note that such relief is not obtainable in this collateral proceeding (see *Matter of Legal Aid Soc. v Scheinman,* 53 NY2d 12; *Matter of State of New York v King,* 36 NY2d 59; *Matter of Masin v County Ct.,* 97 AD2d 643) and, in any event, would not be warranted on this record (*People v Kirby, supra*). Titone, J. P., Mangano, Thompson and O'Connor, JJ., concur.