■ In the Matter of WAYNE MACHADO, Petitioner, v BARRY DONALTY, as District Attorney of Oneida County, et al., Respondents. — Application unanimously denied and petition dismissed, without costs. Memorandum: Petitioner commenced this proceeding in the nature of prohibition pursuant to CPLR article 78 (CPLR 7804, subd [b]; 506, subd [b], par 1) to restrain respondents from proceeding with a criminal prosecution. The indictment charges criminal sale of a controlled substance in the first degree (Penal Law, § 220.43, subd 1), criminal possession of controlled substance in the second degree (Penal Law, § 220.18, subd 1) and criminal possession of a controlled substance in the third degree (Penal Law, § 220.16, subd 1). The charges are based upon a telephone conversation between petitioner, who was in the State of Maine at the time, and a person in Utica,

New York, concerning the sale of four ounces of cocaine. Petitioner claims he is entitled to the extraordinary remedy of prohibition because respondents are without jurisdiction to prosecute him since he was never physically present in New York State. We disagree.

Although prohibition is a proper remedy to challenge the geographical jurisdiction of a criminal court prior to trial (see *Matter of Hogan v Culkin,* 18 NY2d 330, 336; *Matter of Murtagh v Liebowitz,* 303 NY 311, 319), it is appropriate only when a petitioner has established that he has no adequate remedy at law and has a clear right to relief (see *Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 147, cert den __ US __, 104 S Ct 486). Petitioner has an adequate remedy at law because he may move to dismiss the indictment on the ground that the Oneida County Court has no jurisdiction (see CPL 210.20, subd 1, par [h]; 210.25, subd 2; cf. *Matter of Steingut v Gold,* 42 NY2d 311, 314; *Matter of Masin v County Ct.,* 97 AD2d 643, mot for lv to app den 61 NY2d 603). Moreover, petitioner has not demonstrated a clear right to relief. Geographical jurisdiction to prosecute is a question of fact (see *People v Tullo,* 34 NY2d 712, 714). Here, jurisdiction may fairly and reasonably be inferred from all the facts and circumstances (see *People v Hetenyi,* 304 NY 80, 84; CPL 20.60, subd 1). For these reasons, the petition is dismissed. (Article 78.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.