■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA ANDINO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 16, 1981, convicting her of assault in the third degree, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion to dismiss the indictment.

Judgment reversed, on the law, defendant's motion to dismiss the indictment granted, indictment dismissed and matter remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Defendant was arrested on July 4, 1980 and indicted for the crime of assault in the second degree. During the trial, a total of seven witnesses testified for the prosecution; complainant and three other eyewitnesses to the July 4, 1980 incident, two police officers, and a doctor who provided the complainant with medical treatment after the incident for facial lacerations requiring about 60 sutures. Discrepancies in the details of the July 4, 1980 incident were present in the prosecution

witnesses' testimony which was also in direct conflict with the testimony presented by the two witnesses who appeared on behalf of the defendant.

On the second day of the jury's deliberations, the trial court reviewed and considered five written notes from the jury which had accumulated during the course of the deliberations. The first note signed by the foreman stated that the jury was "hung" and that it looked like they would stay that way. A second note asked the Judge "to explain again the criteria for judging a witness' testimony". A third note stated: "We, the jury, would like to hear the testimony" of complainant, three eyewitnesses and the doctor who attended complainant. All these witnesses had appeared on behalf of the prosecution. The trial court denied this request stating:

"That's the entire case, and that will not be done. You're not going to try the case again.

"If there is any specific testimony that you're looking for, you just ask and we will give you that part. We are not going to give you the whole trial."

A further note requested guidance with regard to the value and weight each juror should give to the opinions, both subjective and objective, of the other members of the jury as to the trial evidence and testimony. A fifth note again stated that the jury ws dead locked, 11 to 1, since the night before and that it did not seem to be making progress. The note also requested advice from the Judge concerning breaking the deadlock.

The Judge provided the jury with advice and instructions concerning the various requests, and instructed them to continue their deliberations. Later, upon receiving an additional note from the jury stating that they were still deadlocked, the Judge recalled the jury.

Upon questioning by the Judge, the foreman stated that he did not think that the jury could reach a verdict on the one count charged. The Judge then declared a mistrial over defense counsel's objection. Thereafter, defendant's motion to dismiss the indictment pursuant to CPL 210.20 (1) (e) on the ground of double jeopardy was denied. Defendant then pleaded guilty to a lesser included charge of assault in the third degree and was sentenced to three years' probation. This appeal by defendant followed.

Initially, we hold that defendant's plea of guilty did not constitute a waiver of her defense of double jeopardy in view of her posttrial motion to dismiss the indictment on that same ground (see, Menna v New York, 423 US 61; People v Michael,

48 NY2d 1; *cf. People v LaRuffa,* 37 NY2d 58, *cert denied* 423 US 917). While it is true that defendant may have sought appellate review of this claim by way of a CPLR article 78 proceeding prior to her plea of guilty *(see, Matter of Wiley v Altman,* 52 NY2d 410, 412, n 2), the order denying defendant's motion to dismiss merged with defendant's judgment of conviction, and is thus reviewable by this court *(see generally, People v Lieberman,* 79 AD2d 175, 176-177).

We agree with defendant's contention that the trial court erred in refusing to permit the readback of certain testimony as requested by the jury. Under CPL 310.30, a jury may in the course of its deliberation request further information concerning the content or substance of any trial evidence. As we stated in *People v Arcarola* (96 AD2d 1081, 1082), the trial court had no basis for asking the jury to limit its request, when "[t]he request was clear and unequivocal, requiring no further clarification or refinement". Moreover, since it is undisputed that the witnesses' testimony was conflicting and contained many discrepancies, careful consideration by the jury of the testimony was necessary to reach a verdict. Thus, under the facts of this case, the court committed error in refusing to comply with the jury's request to hear this testimony again *(People v Arcarola, supra; People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847).

Moreover, it seems that the trial court's conclusion that the jury could not reach agreement within a reasonable period of time (CPL 310.60) was somewhat hasty under the circumstances of this case. Accordingly, the court's declaration of a mistrial in this case constituted an improvident exercise of discretion. Finally, because the mistrial was declared without defendant's consent and in the absence of any manifest necessity, the indictment must be dismissed. To try defendant again upon the same indictment would be constitutionally abhorrent *(see, People v Michael, supra,* at p 9; *Matter of Tartt v Browne,* 48 AD2d 900; *Matter of Sidewitz v Vaccaro,* 51 AD2d 745; *cf. Hameed v Rotker,* 99 AD2d 824). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.