■ In the Matter of PAUL LEISENRING, Petitioner, v SAMUEL J. CASTELLINO et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to prohibit respondents from retrying petitioner in the County Court of Chemung County on a multicount indictment.

An October 1984 four-count indictment charged petitioner with burglary, sexual abuse and assault; it is alleged, but steadfastly denied by petitioner, that he illegally entered the hospital room of a female patient and molested her. Petitioner has twice been prosecuted on the indictment and in each instance the jury has been unable to agree on a verdict. He maintains an impending retrial would subject him to double jeopardy.

In April 1985, the first trial ended in a mistrial, consented to by petitioner. Two months later, the second trial commenced. After hearing several days of testimony, the jury began deliberating at noon on June 20, 1985. From 3:15 P.M. to 4:15 P.M., the jury returned to the courtroom for the reading of requested testimony and again for a short period at about 8:45 P.M. Then at approximately 9:00 P.M., a note from the jury announced that "[w]e are at an impasse". The trial court summoned the jury to the courtroom and gave an *Allen*-type charge. Deliberations continued until 11:00 P.M. when the jury issued another note stating simply "no progress". The court then sequestered the jury for the night.

Deliberations resumed the next day at 9:00 A.M. At 11:30 A.M., the jury returned to the courtroom for the reading of additional testimony. Sometime between 12:30 P.M. and 1:30 P.M., the jury advised the trial court in writing that "the possibility of a verdict on the charge of burglary does not exist". The trial court then recalled the jury and confirmed that the deadlock precluded a verdict on any count of the indictment. Because the prosecution declined at that point to consent to a mistrial, the trial court polled the jurors individually. At 2:00 P.M., the court declared a mistrial on the ground that further jury deliberations would be pointless.

Some six weeks later, during a calendar conference held

with respondent Samuel J. Castellino, a Chemung County Court Judge, the court noted that because of administrative standards and goals time limits, it intended to call the case for trial immediately. Petitioner objected, claiming, among other things, that a retrial would violate the constitutional proscription against double jeopardy. Because the case remains on the calendar, petitioner secured a temporary stay of the proceedings in this court pending our consideration of his application for a writ of prohibition barring another trial.

The principle that a defendant's right not to be twice placed in jeopardy does not bar a retrial where a trial court has prudently declared a mistrial because of a deadlocked jury *(see, Matter of Plummer v Rothwax,* 63 NY2d 243; *see also, Matter of Owen v Stroebel,* 65 NY2d 658) is not in dispute. What is being zealously asserted and viewed as objectionable by petitioner is that the trial court at his second trial reached that conclusion prematurely. We disagree. In *Matter of Owen v Stroebel (supra),* the Court of Appeals reaffirmed its fidelity to the proposition that great deference is to be accorded the determinations of trial courts faced with declaring a mistrial *(supra,* at p 660). Significantly, the Court of Appeals observed that questions of identification—the main issue in petitioner's trials was the identity of the person who committed the crimes—involve "a task not necessarily complex but one where 'a jury could shortly become deadlocked' " *supra,* at p 661, quoting *Matter of Plummer v Rothwax, supra,* p 251).

Here, the second jury to try petitioner informed the trial court on three separate occasions that a stalemate prevented a verdict. The first time, the trial court gave an *Allen* charge; the second, it sequestered them overnight; and, the next day, after a morning of fruitless deliberations, the jury reported that it remained incapable of agreeing. A poll of each juror confirmed the deadlock. Only then did the trial court exercise its discretion in favor of a mistrial. On the record presented, we find no justification for disturbing that decision.

Petitioner's alternative request, that the indictment be dismissed "in the interest of justice" or remitted for a hearing thereon, is procedurally inappropriate for "such relief is not obtainable in this collateral proceeding" *(Hameed v Rotker,* 99 AD2d 824, *lv denied* 61 NY2d 608). CPL 210.40 provides the avenue of redress, and no reason for bypassing it has been put forward.

Petition dismissed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.