■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LOURIDO, Also Known as CARLOS RODRIGUEZ, Appellant.

Viewing the evidence adduced at the trial in a light most favorable to the prosecution, as we must do *(see, People v Walstatter,* 53 NY2d 871), any rational trier of the facts could have found the defendant guilty of rape in the first degree beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). Questions of witness credibility, including inconsistencies in the complainant's testimony as compared to that of other witnesses, are to be resolved by the jury *(see, People v Flammer,* 106 AD2d 398).

The defendant's constitutional right to remain silent was not violated when the prosecutor was permitted to elicit during direct examination of the arresting police officer that the defendant shrugged his shoulders upon being informed of the charges against him. Rather than being the equivalent of silence, this demonstrative act was admissible as objective evidence of the defendant's state of mind from which the jury could properly draw an inference of guilt *(see, Greenfield v People,* 85 NY 75, 86-87; *Linsday v People,* 63 NY 143, 155-156).

The trial court did not err by refusing to redact certain requested portions of the complainant's medical records, since they were related to the treatment of the victim of a sexual attack *(see,* CPL 60.10; CPLR 4518 [a]; *Williams v Alexander,* 309 NY 283, 287). As to the alleged improprieties committed by the Trial Judge during the testimony of the defendant's medical experts, we note that no objection was raised; more-

over, the court's conduct did not deprive the defendant of a fair trial so as to warrant reversal in the interest of justice.

While the People concede that the court incorrectly charged the jury on the definition of "forcible compulsion" as it existed at the time of the incident in question (see, Penal Law § 130.00 [8], as amended L 1983, ch 449), they correctly assert that the defendant had the benefit of the more favorable definition which was in effect previously, i.e., where the physical force exerted by the defendant had to be capable of overcoming the victim's "earnest resistance". Although the court, which had previously charged the postamendment definition of "forcible compulsion", did not expressly state to the jury that it must disregard that definition, which embodied the law in effect at the time of the trial, and accept the subsequently charged definition of "forcible compulsion", it was implicit from the court's introductory remarks that only the subsequently charged definition of "forcible compulsion" should be applied to the facts of the case. In any event, there was ample proof to support a finding of guilt under either definition.

We also have been asked to consider whether the court's failure to read back all of the complainant's testimony after the jury requested it, prior to accepting the verdict, constituted reversible error. Initially, we note that the record does not clearly indicate the length of the delay between the request and the verdict. The delay was apparently caused by efforts on the part of the court reporter to find the desired portions of the transcript. The defendant was not prejudiced as a result of the failure to comply with the entire request, since the apparent discrepancies which the jury was seeking to resolve related to the complainant's account of the alleged acts of sodomy and endangering the welfare of a minor. Since the defendant was ultimately acquitted of those charges, he was not harmed by the error (cf. People v Andino, 113 AD2d 944, 946).

We have considered the defendant's other contentions and find that they do not require reversal. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.