■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY MACK, Appellant. [622 NYS2d 583] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered November 24, 1992, convicting him of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Campbell,* 209 AD2d 631; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant was identified by two State Troopers as the person who sold cocaine to each of them. Issues of credibility, as well as the weight to be given to their testimony, are primarily questions for the jury, which saw and heard the witnesses. Its determination should not be disturbed on appeal unless clearly unsupported by the record *(see, People*

*v Gaimari,* 176 NY 84; *People v Campbell, supra; People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the County Court fully complied with the jury's request to read back the testimony of both undercover troopers and, therefore, it meaningfully responded to the jury's request *(see,* CPL 310.30; *People v Malloy,* 55 NY2d 296; *People v Andino,* 113 AD2d 944).

The County Court did not improperly marshall the evidence with regard to the issue of identification *(see,* 1 CJI[NY] 10.01, at 583-588).

The defendant's sentence was not excessive under all of the circumstances *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.