THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RIVIELLO, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered May 29, 1984, convicting him of conspiracy in the fourth degree and grand larceny in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed. This matter is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

Complainant testified that he had two detailed conversations with defendant, in the presence of defendant's coconspirators, during which defendant requested that complainant relinquish control of his restaurant without payment therefor. Several witnesses testified that the coconspirators constantly accompanied defendant, treated him deferentially, and that they drove complainant to the meeting with defendant.

Moreover, the witnesses testified that the coconspirators carried weapons, refused to pay their bills at the restaurant, would raise and lower the restaurant lights and jukebox at will, and violently attacked a restaurant employee after he refused to serve drinks after closing time.

This testimony was sufficient to establish a prima facie case of conspiracy to commit larceny by extortion and to link defendant

to the conspiracy. The witnesses' observations of the coconspirators' conduct do not constitute hearsay (*see, People v Salko,* 47 NY2d 230, *as amended* 47 NY2d 1010). Moreover, complainant clearly could testify as to his observations of defendant's acts and defendant's declarations to him (*see, People v Salko, supra*). A prima facie case having been established, the court properly allowed the witnesses to testify as to hearsay declarations made by defendant's coconspirators during the course of and in furtherance of the conspiracy (*see, People v Sanders,* 56 NY2d 51; *People v Salko, supra*). Accordingly, the coconspirators' declarations that defendant was their "boss", that they followed his instructions, and that they were going to take over the restaurant, were properly admitted.

Therefore, we find that the evidence was legally sufficient to establish defendant's guilt and, moreover, that his guilt was established beyond a reasonable doubt.

We have reviewed defendant's remaining contentions and find that they lack merit. Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.