█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered April 15, 1981, convicting him of two counts of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered.

In this closely contested prosecution, where the crux of the People's case revolved around the identification testimony of the complainant, we conclude that several aspects of the trial combined to deprive the defendant of a fair trial despite the legal sufficiency of the evidence.

First, the court granted the People's request, over defendant's objection, for a missing witness charge with respect to defendant's girlfriend, a nonmaterial witness whose testimony would at best have contradicted defendant's account of his activities both before and after the time of the crime, but not during the critical period of its commission. Any testimony this witness might have provided was neither material nor necessary to the central issue of the case, and it was error to grant the requested charge, which the People concede may have been inappropriate (see, People v La Susa, 87 AD2d 578, 579; People v Benson, 88 AD2d 229; cf. People v Rodriguez, 38 NY2d 95). Nor do we find that the general missing witness charge which was given was innocuous and harmless (see, People v Rodriguez, supra). The court charged the jury that: "In reaching your verdict, the jury may consider the absence of any other witness if the witness did have evidence that may have shed light upon material aspects of the case." The charge as given failed to inform the jury which missing witness it applied to or to direct the nature of the inference to be drawn from the absence of a witness. Further, there is nothing in the record to indicate that the witness as to whom the charge was requested was either available or within the control of the defendant (see, People v Rodriguez, supra; Fisch, NY Evidence § 1126 [2d ed]).

In addition to the erroneous missing witness charge, the court's instructions to the jury were deficient in certain other respects. In a case such as this, where identification was the central issue, the court had an obligation to provide the jury with more than a bare bones charge on identification (People v Daniels, 88 AD2d 392; cf. People v Whalen, 59 NY2d 273). Further, the court failed to instruct the jury that the evidence of defendant's prior criminal record was only to be considered by them in connection with their assessment of his credibility. While neither of these errors was preserved for review as a matter of law, under the circumstances of this case we deem it appropriate to exercise our discretion and review them in the interest of justice.

Finally, in light of the fact that we find that a new trial is

in order, we point out certain conduct of the prosecutor which was improper and should not be repeated at a new trial. At one point during his summation the prosecutor intimated to the jury that they were required to find that the complainant lied in order to acquit the defendant and noted that the defense failed to show any logical reason for the complainant to lie. Such overzealous advocacy by the prosecutor was improper and prejudicial in that it served to divert the jury's attention from defendant's assertion that the complainant's identification of him was mistaken and unreliable. Moreover, it tended to shift the burden of proof on identification to the defendant (*see, e.g., People v Webb,* 68 AD2d 331). The fact that there were disturbing inconsistencies in the complainant's testimony which were exploited by the defense at trial did not create a license for such comment by the prosecutor. In addition, the prosecutor made comments which improperly injected his integrity and the integrity of his office into the case and implied that the public nature of his office rendered the People's case more reliable (*see, People v Stewart,* 92 AD2d 226). Lazer, J. P., Mangano, Brown and O'Connor, JJ., concur.