■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FARMER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered January 17, 1983, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered.

On the night of March 13, 1981, the complainant, Joseph Ravenell, suffered two gunshot wounds during the course of a fight with an uninvited intruder at a birthday party for his girlfriend. There were no witnesses, other than the complainant, to the shooting which occurred on the street outside of the apartment house in which the party was held. The defendant was arrested about 10 months later, based upon an on-the-street identification by Ravenell. According to Ravenell, however, he had spotted his assailant in the neighborhood on two other occasions during the intervening period, but had been unsuccessful in securing his apprehension by the police.

Ravenell claimed that he had given no description of his assailant to the police at the time of the incident. According to two police officers who testified for the defense, however, Ravenell had told them during interviews on the night of the shooting and about a week thereafter that his assailant's name was Leroy. He also had provided an address where Leroy could be found. One of the officers testified that he went to that location but was informed that no such person lived there. At trial, Ravenell denied having told the police that his assailant's name was Leroy, claiming instead that the police had told him that they had been given that name by a female who had been at the party. Ravenell admitted being acquainted with someone named Leroy, but insisted that that person was not the individual who had shot him.

In addition to Ravenell's testimony, the prosecution also produced Ravenell's girlfriend, Lenore James, and her sister, Lenora. Although both witnesses had viewed a lineup some 13 months after the shooting only Lenora James was able to identify the defendant as a man whom she had seen at the party on the night of the shooting. Lenore James, on the other hand, who claimed she had witnessed the fight between Ravenell and his assailant, which had lasted for over 20 minutes and moved from inside the apartment out to the sidewalk, was unable to identify the defendant either at the lineup or later at trial as her boyfriend's assailant. Neither witness saw the actual shooting, although Lenore James testified that she had watched the altercation up to the point where she saw the unknown man run away after Ravenell stopped punching him.

Aside from the previously mentioned testimony of the two police officers regarding Ravenell's identification of his assailant as someone named Leroy, the defendant also presented an alibi defense. Both he and his wife testified that he was at home on the night of the shooting, except for a possible trip to

the grocery store early in the evening. Their recollection of the events was heightened by the fact that at the time the defendant's wife was five days overdue for the birth of one of their children and was waiting to go to the hospital.

On appeal, the defendant argues that the People failed to prove his guilt beyond a reasonable doubt and, among other things, points to the weaknesses in the proffered identification testimony. While there are indeed a number of flaws in the testimony of the prosecution witnesses, upon viewing the evidence in the light most favorable to the People, we find that it was sufficient to permit a rational trier of facts to find the defendant guilty of the crimes charged *(see, People v Contes,* 60 NY2d 620).

The defendant also asserts that certain improper comments of the prosecutrix made during summation combined to deprive him of a fair trial. Specifically, he points out that, over objection, the prosecutrix was permitted to argue to the jury that there were two possible defenses, "honest mistaken identification" or "that Joseph Ravenell is intentionally lying to you, he is intentionally pointing the finger at the wrong man because, after all, he told the police Leroy did it, so he must be intentionally lying". The defendant argues that the prosecutrix continued to dwell on this theme during summation, asking the jury what reason Ravenell would have to lie and to seek to frame the defendant. The defendant also claims that the prosecutrix improperly vouched for the credibility of her witnesses, contending that they told what they saw and they told the truth, and that on two separate occasions she referred to the defendant's "so-called" alibi defense.

We recognize that in certain cases improper comments by a prosecutor may be rendered harmless by the overwhelming evidence of guilt and will therefore not warrant reversal and direction of a new trial *(see, People v Galloway,* 54 NY2d 396). However, in a closely contested prosecution such as was involved here where the crux of the case revolved around the identification testimony of the complainant, improper comments by a prosecutor may serve to deprive a defendant of a fair trial despite the legal sufficiency of the evidence. Thus, we have repeatedly held that comments which indicate to the jury that in order to acquit the defendant they must find that the complainant lied, are improper and prejudicial. They divert the jury's attention from the issue of identification and tend to shift the burden of proof with respect thereto to the defendant *(People v Williams,* 112 AD2d 177; *People v Ball,* 77 AD2d 625; *People v Webb,* 68 AD2d 331). Similarly, numerous

cases have pointed out the impropriety of a prosecutor's vouching for the truthfulness of his own witnesses *(People v La Rosa,* 112 AD2d 954; *People v Arcarola,* 96 AD2d 1081), or denigrating an alibi defense *(People v La Rosa, supra; People v Torres,* 111 AD2d 885).

At bar, the identification and arrest did not occur until nearly one year after the incident and there was evidence that the complainant initially identified another individual as his assailant. Of two principal prosecution witnesses other than the complainant, one identified the defendant only as someone she had seen at the party over one year earlier, while the other, despite having watched an extended altercation between her boyfriend and his alleged assailant, could not identify the defendant as that man. Under these circumstances, the evidence of guilt can hardly be considered overwhelming and, accordingly, it was all the more crucial that the jury not be prejudiced in its evaluation of the identification evidence. Upon the circumstances here present, we conclude that the cumulative effect of the numerous improper comments by the prosecutrix cannot be deemed harmless *(see, People v Crimmins,* 36 NY2d 230), and served to deprive the defendant of a fair trial *(see, People v Williams, supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit.

Under the circumstances, a new trial is required. Gibbons, J. P., Brown and Eiber, JJ., concur.

Thompson, J., dissents, and votes to affirm the judgment, with the following memorandum: In my considered opinion, the comments of the prosecutrix during summation, branded as improper and prejudicial by the majority, do not warrant reversal of the defendant's conviction. Accordingly, I dissent and vote to affirm the judgment under review.

When the evidence in this case is viewed in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621; *People v Kennedy,* 47 NY2d 196), and the prosecution is given the benefit of every reasonable inference to be drawn therefrom *(see, People v Morgan,* 66 NY2d 255, 256; *People v Lewis,* 64 NY2d 1111, 1112), I find that the proof adduced at trial overwhelmingly established the defendant's guilt beyond a reasonable doubt. Therefore, even if we were to assume that the comments of the prosecutrix in issue went beyond the limits of propriety, the errors, if any, are harmless and did not serve to deprive the defendant of a fair trial *(see, People v Crimmins,* 36 NY2d 230; *People v Brosnan,* 32 NY2d 254, 262).

Prefatorily, I would observe that the defendant, by failing to object, has failed to preserve for appellate review the issue of the propriety of the prosecutrix's reference to the "so-called alibi" (CPL 470.05 [2]). I am further of the view that those remarks were not so egregious as to have rendered the trial unfair. While the prosecutrix's attempt to discredit the defendant's defense might have been more artfully stated, the two isolated comments in the course of a protracted summation are an insufficient predicate for reversal. The prosecutrix was merely attempting to point out the weaknesses in the defendant's alibi defense and, therefore, "did not exceed the broad bounds of rhetorical comment permissible in closing argument" *(People v Galloway,* 54 NY2d 396, 399). It follows that this court should not exercise its discretionary power to reverse in the interest of justice on this ground (CPL 470.15 [6] [a]).

The remaining prosecutorial remarks with which the defendant takes issue must be reviewed against the governing principles of law. We recently noted that reversing for prosecutorial misconduct and ordering of a new trial for a defendant who was fairly convicted operates to punish the victim and witnesses as well as society through additional inconvenience and expense *(People v Roopchand,* 107 AD2d 35, 36-37, *affd* 65 NY2d 837). In this regard, it has frequently been stated by the courts that invocation of the remedy of a new trial is an ill-suited sanction to insure nonrepetition of the misconduct *(see, e.g., People v Galloway, supra,* at p 401; *People v Roopchand, supra,* at p 36). Directing a new trial under such circumstances does not affect the prosecutrix directly and so does not cure the ill upon which the reversal is predicated.

Viewed in this context, the comments of the prosecutrix with respect to the complainant's motive to lie, even if improper, are not grounds for reversal. I believe the opinion of the majority overstates the prejudice suffered by the defendant. During defense counsel's summation, she exploited the differences in the police testimony and police report identifying an individual named "Leroy" as the perpetrator of the assault and the complainant's own testimony that he did not say "Leroy" shot him. She further emphasized the fact that the complainant never corrected the police identifying "Leroy" as the assailant. While the summation of the defense counsel developed the theory of mistaken identification, it also rather harshly attacked the credibility of the complainant. In fact, since defense counsel was confronted with two versions of the facts, the strongest defense was to urge the jury to infer

that the complainant had changed his story. I do not believe there would have been any other means to reconcile the conflicts in the testimony. This is the route defense counsel followed. Consequently, the evidence and the defense summation provided a fair basis for commenting on complainant's motive to lie. The prosecutrix's hypothesis of a defense that the complainant was "intentionally lying" is concededly somewhat strongly stated; it is not, however, intentionally inflammatory. This case is distinguishable from those cited by the majority in which the courts have condemned a prosecutor's attempt to shift the burden of proof on identification to the defendant by intimating that an acquittal could only be based upon a finding that the complainant had lied (see, People v Williams, 112 AD2d 177; People v Ball, 77 AD2d 625; People v Webb, 68 AD2d 331). Unlike the cases cited by the majority, at bar the prosecutrix did not suggest that the defendant had any burden to prove a motive for the complainant to lie. The comments on the complainant's truthfulness were proper and justified in the context of a hotly disputed credibility question upon which the case essentially turned. Such comments in no way exaggerated or distorted the issue.

While I agree with the majority that it was improper for the prosecutrix to vouch for the credibility of her witnesses (see, e.g., People v La Rosa, 112 AD2d 954; People v Arcarola, 96 AD2d 1081), these comments were made without objection and, thus, the error of law was not preserved for review (see, CPL 470.05 [2]). I can see no reason whatever for reaching the error in the interest of justice because in the context of the entire summation such isolated comments did not prejudice the defendant or impair the jury's ability to fairly evaluate the evidence.

Since I also deem the remainder of the defendant's contentions to be without merit, I conclude that the judgment under review should be affirmed.