■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GREEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered July 21, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We agree with the hearing court that the in-court identification of the defendant by the prosecution witness, Arturo Ramirez, had a source independent of the suggestive photographic identification procedure (see, *People v Ballott*, 20 NY2d 600). The evidence adduced at the *Wade* hearing established that the defendant was a passenger in Ramirez's taxicab for a period of 15 to 20 minutes; that the two engaged in conversation and that Mr. Ramirez gave the defendant a quarter to make a telephone call, and observed the defendant while he spoke on the telephone. Since the witness had ample opportunity to view the defendant, in various lighting conditions, for a relatively lengthy period of time, suppression of Ramirez's prospective identification testimony was properly denied.

The defendant additionally contends that the trial court erred in refusing to suppress statements made by the defendant to Ramirez. We disagree. It is clear that a private citizen may testify as to his or her observations of a defendant's acts and as to declarations or admissions made by a defendant to that witness (see, *People v Riviello*, 111 AD2d 878). Accordingly, the statements made by the defendant, while in the taxicab, were properly received as evidence against him at trial.

We further find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be devoid of merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.