■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VOLPE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered June 22, 1989, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police officers who purchased drugs from him were properly permitted to identify him in court. Even assuming arguendo that the photographic identification procedure employed by the police several days after the sale was suggestive, both officers possessed an independent source supporting their in-court identification of the defendant. They both viewed the defendant's face in daylight at close range and for several minutes during the course of the two sales of a controlled substance, and were able to describe the defendant's appearance on the day of the sale in significant detail. Given this independent source, their in-court identification testimony was proper (see, People v Green, 160 AD2d 725; People v Smalls, 112 AD2d 173).

The prosecutor's comment during summation which suggested that an acquittal was tantamount to telling the police officers that they "committed perjury" was improper (see, People v Farmer, 122 AD2d 801, 803; People v Williams, 112 AD2d 177). We find, however, that the court's prompt curative instruction and its additional instruction directing the jury to completely disregard the comment adequately dispelled any prejudice which might have otherwise affected the verdict (see, People v Ellis, 157 AD2d 797; People v Ervin, 142 AD2d 592).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.