■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINE CRESPO, Appellant.—Judgment, Supreme Court, New York County (Renee A. White, J.), rendered April 18, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing her, as a second felony offender, to concurrent terms of 4½ to 9 years imprisonment, unanimously affirmed.

At approximately 2:45 P.M., on April 24, 1990, an under-cover officer, as part of a buy and bust operation, approached defendant and purchased two vials of heroin with prerecorded buy money. The undercover officer returned to his car and radioed the location of the transaction and a description of the defendant. The nature of the crime itself was not transmitted. Within minutes the defendant, fitting the description and observed with additional glassine envelopes in her hands, was immediately arrested and, again within minutes, a confirmatory identification was made by the undercover officer as he passed the site.

In the context of a "buy and bust" operation, an officer has probable cause to arrest a defendant where he relies "on information from another officer on the narcotics team who had personally witnessed the defendant commit the crime prior to the radio transmission." *(People v Petralia,* 62 NY2d 47, 51-52, *cert denied* 469 US 852; *People v Williams,* 146 AD2d 724, *lv denied* 73 NY2d 984.)

The confirmatory identification was "the ordinary and proper completion of an integral police procedure," and in the circumstances obviated the need for a *Wade* hearing *(People v Wharton,* 74 NY2d 921, 922-923). Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.