■ The People of the State of New York, Respondent, v Martin Burke, Appellant. [602 NYS2d 243] —Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered August 24, 1992, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant contends on this appeal that County Court erred in denying his motion to withdraw his guilty plea and that the sentence of 2⅓ to 7 years' imprisonment imposed by County Court is harsh and excessive. Defendant contended in his motion to withdraw his guilty plea that he was unaware of the conditions of the plea agreement. This contention is belied by the record of the plea proceedings, which establishes that defendant was fully aware of the conditions of the plea bargain and that his plea was knowing, intelligent and voluntary, and made without any hesitation or protestation of innocence (see, People v De Gaspard, 170 AD2d 835, lv denied 77 NY2d 994). The record further establishes that County Court ascertained that defendant understood the consequences of the plea; defendant stated that he was not coerced to enter the guilty plea and was satisfied with his counsel's representation. County Court therefore did not err in summarily denying defendant's motion after giving him an opportunity to state the basis for his withdrawal application (see, People v Ross, 182 AD2d 1022, lv dismissed 80 NY2d 934; People v Jimenez, 179 AD2d 840, lv denied 79 NY2d 949).

Finally, defendant was allowed to plead guilty to burglary in the third degree in satisfaction of a two-count indictment and did so knowing that he could receive the sentence ultimately imposed. Given these facts, and considering defendant's criminal record, we find no basis to disturb the sentence imposed by County Court (see, People v Gonzalez, 178 AD2d 850, lv denied 79 NY2d 948; People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899).

Weiss, P. J., Mikoll, Yesawich Jr., Crew III and White, JJ., concur. Ordered that the judgment is affirmed.