■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. WILLIAMS, Appellant. [624 NYS2d 216] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered April 22, 1993, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof that the terms of imprisonment are to run consecutively and substituting therefor a provision that they shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's contention that the court's *Sandoval* ruling was improper in that it allowed inquiry as to 23 of his past convictions is without merit. "That the number of prior convictions ruled admissible was large and that some of those prior convictions were remote in time are matters of substance that may properly be considered by the trial court but are not appropriate bases for [an appellate court] to second-guess the trial court's conclusion *(see, People v Patterson,* 88 AD2d 694, *affd* 59 NY2d 794)" *(People v Walker,* 83 NY2d 455, 459). Here, the court properly balanced the appropriate factors in reaching its determination.

The prosecutor's conduct, both on summation and upon cross-examination of the defendant, while worthy of criticism *(see, People v Parks,* 120 AD2d 920, 921; *People v Williams,* 112 AD2d 177; *People v Ochoa,* 86 AD2d 637), did not serve to deprive the defendant of his right to a fair trial. Thus, reversal is not warranted on this basis *(see, People v Williams, supra).*

The sentence imposed is excessive to the extent indicated herein.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.