■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BROWN, Appellant. [629 NYS2d 824] —Yesawich Jr., J. Appeals (1) from a judgment of the County Court of Ulster County (Vogt, J.), rendered October 18, 1993, convicting defendant upon his plea of guilty of three counts of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court (Bruhn, J.), entered March 15, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment.

Convicted after pleading guilty to three counts of criminal sale of a controlled substance in the third degree, defendant argues that his conviction must be reversed, and the indictment dismissed, because the officer who arrested him did not have probable cause to do so. This argument is to no avail. Although defendant points to selected portions of suppression hearing testimony to support his contention, it is apparent, on reading the testimony of the undercover detective to whom defendant allegedly sold cocaine, as well as that of the arresting officer, Detective Timothy Matthews, that Matthews was

personally involved in the investigation that led to defendant's arrest (*cf.*, *People v Gittens*, 211 AD2d 242), and had been made aware of sufficient information—including the details of the illegal transactions, and the name, address and physical description of the person selling narcotics on those occasions—to justify arresting defendant, after he admitted having the same name and address (*see*, *People v Petralia*, 62 NY2d 47, 51-52, *cert denied* 469 US 852; *People v Crespo*, 189 AD2d 700, *lv denied* 81 NY2d 883).

As for defendant's assertion that County Court erroneously permitted the undercover officer, who had previously identified defendant from a single photograph under circumstances that were found to have been unduly suggestive, to identify him at trial, it suffices to note that the officer's observations of defendant during the three drug transactions at issue provided ample independent basis for his in-court identification (*see*, *People v Volpe*, 177 AD2d 524, *lv denied* 79 NY2d 866; *People v Ware*, 173 AD2d 903, 904).

Nor are we amenable to defendant's claim that his motion to vacate his conviction should not have been denied without a hearing. While he now suggests that his plea, which was made and accepted after trial by jury had begun and the People had rested, was coerced by the misrepresentations of his attorney, this issue was not raised previously, either at the time defendant sought to withdraw his plea or in his CPL 440.10 motion papers, and hence is not properly before us (*see*, *People v Green*, 111 AD2d 349). Beyond that, County Court did not err in finding that some of the matters that were raised therein, including an attack on the propriety of the Grand Jury proceedings, were not the proper subjects of a posttrial motion (*see*, CPL 440.10 [2] [b]; *People v Cooks*, 67 NY2d 100, 104), and that the remainder could be adequately reviewed, and determined to be meritless, without the need for an evidentiary hearing (*see*, *People v Satterfield*, 66 NY2d 796, 799; *see also*, *People v Burke*, 197 AD2d 731).

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment and order are affirmed.