■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY R. JACKSON, Appellant. [642 NYS2d 111] —Judgment unanimously reversed on the law and new trial granted. Memorandum: On appeal from a judgment convicting him of burglary in the third degree, criminal mischief in the third degree and criminal possession of stolen property in the fourth degree, defendant contends that reversal is required because side-bar questioning of two prospective jurors was conducted in his absence and thus, he was denied his right to be present at all material stages of the trial. The record shows that, immediately following the sidebar questioning, the two prospective jurors were excused without any explanation and therefore, neither was seated on defendant's trial jury.

We observe that, contrary to the contention of the People, a violation of the statutory right to be present at all material stages of the trial "is not overcome merely because the venire person who was interviewed outside the defendant's presence was not seated on the jury" (People v Feliciano, 88 NY2d 18, 27-28). Here, we conclude that reversal is required because "the record does not negate the possibility that defendant * * * could have provided valuable input on his counsel's apparently discretionary choice to excuse those venire persons" (People v Feliciano, supra, at 28).

From our review of the record, we conclude that the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). Lastly, we reject the contentions of defendant that he was deprived of a fair trial by prosecutorial conduct and that he was denied effective assistance of counsel. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Burglary, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Doerr and Davis, JJ.