■ The People of the State of New York, Respondent, v Donald Ballard, Appellant. [648 NYS2d 571] —Judgment,

Supreme Court, New York County (Martin Rettinger, J.), rendered April 19, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

Defendant's motion to suppress was properly denied. One officer transmitted a description of a drug sale in progress to another officer along with descriptions of the participants. Once defendant and his customer were out of the first officer's view, the second officer continued the surveillance, during which he heard defendant tout the quality of the crack to his would-be buyer. Moments later, the second officer apprehended defendant. The arrest was proper since the second officer could rely on the communications from the first officer who possessed probable cause to arrest defendant based on his own personal observations (*People v Crespo*, 189 AD2d 700, *lv denied* 81 NY2d 883; *People v Ward*, 182 AD2d 573, *lv denied* 81 NY2d 849). Nor was the verdict against the weight of the evidence. Defendant demonstrated clear salesman-like behavior by touting the quality of the drugs and encouraging the prospective buyer to make a purchase. While defendant did not possess a large quantity of drugs, the evidence permitted the inference that he stored the drugs with his accomplice, who himself stashed them away somewhere nearby. Defendant's possession of a pipe for personal use was hardly inconsistent with his being a dealer. Inconsistencies in the testimony of the prosecution witness, and other credibility issues raised by defendant, were properly placed before the jury, and we see no reason to disturb its determination. Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.