# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**753**

**KA 03-01616**

PRESENT: CENTRA, J.P., SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JAMES PENNINGTON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Joseph S. Forma, J.), dated June 11, 2003. The order denied the motion of defendant pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his pro se motion pursuant to CPL article 440 seeking to vacate the judgment convicting him of two counts of murder in the second degree (Penal Law § 125.25 [1], [2]). We previously affirmed that judgment of conviction (*People v Pennington*, 217 AD2d 919, *lv denied* 87 NY2d 906), and we now conclude that Supreme Court properly denied defendant's motion without conducting a hearing. Defendant contends that the People abused the grand jury process by serving a subpoena after the indictment had been issued. The court properly determined that, although the People abused the grand jury process (*see Matter of Hynes v Lerner*, 44 NY2d 329, 333, *rearg denied* 44 NY2d 950, *cert denied* 439 US 888; *see generally People v Natal*, 75 NY2d 379, 385, *cert denied* 498 US 862), defendant has not established any prejudice resulting therefrom (*see* CPL 440.10 [1] [f]; *see generally People v Jackson*, 78 NY2d 638, 646; *People v McNeill*, 204 AD2d 975, 976, *lv denied* 84 NY2d 829). Defendant further contends that the People committed *Rosario* and *Brady* violations by failing to turn over certain notes of the prosecutor concerning interviews with various police witnesses. We conclude, however, that defendant's contention is based on an incorrect reading of those notes. Indeed, based upon an accurate reading of the notes, we conclude that they have no exculpatory value, and that there was no "reasonable possibility that the failure to disclose the [notes] contributed to the verdict" (*People v Jackson*, 78

NY2d 638, 649; *see People v Fuentes*, 12 NY3d 259, 263, *rearg denied* 13 NY3d 766).

Defendant's challenge to the admission of the testimony of the Associate Chief Medical Examiner (hereafter, Medical Examiner) at trial could have been raised on direct appeal, and thus the court properly denied that part of his motion challenging that testimony (*see* CPL 440.10 [2] [c]). In addition, the court properly determined that defendant failed to establish that there was any discovery violation with respect to autopsy notes and a death certification (*see* CPL 440.30 [4] [b]; *People v Vigliotti*, 24 AD3d 1216, 1216). Likewise, the court properly determined that defendant failed to substantiate his allegation that a prosecution witness entered into an unlawful agreement with defendant's insurers (*see* CPL 440.30 [3] [b]; *Vigliotti*, 24 AD3d at 1216).

We reject defendant's contention that he received ineffective assistance of counsel at trial. To the extent that defendant relies on records that were introduced in evidence at trial in support of his contention, we conclude that defendant could have raised that contention on his prior appeal (*see* CPL 440.10 [2] [c]; *People v Mastowski*, 63 AD3d 1589, 1590, *lv denied* 12 NY3d 927, *reconsideration denied* 13 NY3d 837). To the extent that defendant relies on records that defense counsel had in his possession but failed to use when questioning the Medical Examiner, we conclude that his contention is without merit. Specifically, the Medical Examiner testified at trial that the victim was shot once in the abdomen and twice in the back. Defendant contends that certain records not introduced in evidence at trial raise a question whether the victim was shot more than once in the front, rather than the back, and that defense counsel should have used those records to challenge the testimony of the Medical Examiner in order to support his justification defense. Defendant's own expert at trial, however, agreed with the Medical Examiner that there were two entrance wounds to the victim's back. Thus, if defense counsel had attacked the findings of the Medical Examiner regarding the entrance wounds to the back, he would also have been attacking the credibility of defendant's own expert. Defendant has therefore failed to establish the absence of a strategic reason for defense counsel's failure to challenge the testimony of the Medical Examiner based on records in defense counsel's possession (*see People v Rosado*, 13 AD3d 902, 903-904, *lv denied* 4 NY3d 835).

Defendant's contention that the court erred in failing to submit the two murder charges, i.e., for intentional murder and depraved indifference murder, in the alternative was not raised in his CPL 440.10 motion and therefore is not properly before us (*see generally People v Brown*, 217 AD2d 797, 798, *lv denied* 86 NY2d 872; *People v Green*, 111 AD2d 349, 349). We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court