# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**627**

**KA 11-01145**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOMMY R. JACKSON, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (William D. Walsh, J.), entered March 24, 2011. The order denied the motion of defendant to vacate his sentence pursuant to CPL 440.20.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order that denied his motion pursuant to CPL 440.20 seeking to vacate the sentence imposed upon his conviction of, inter alia, burglary in the third degree (Penal Law § 140.20). We previously affirmed the judgment of conviction upon defendant's appeal therefrom (*People v Jackson*, 71 AD3d 1457, *lv denied* 17 NY3d 774). Contrary to defendant's contention, County Court properly adjudicated him a persistent felony offender and, therefore, the sentence is not "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]). Defendant correctly contends that the persistent felony offender (PFO) statement filed by the court pursuant to CPL 400.20 (3) listed a 1995 conviction, which had been reversed on appeal by this Court (*People v Jackson*, 226 AD2d 1090, *lv denied* 88 NY2d 1021), instead of the 1996 conviction following the retrial (*People v Jackson*, 262 AD2d 1031, *lv denied* 94 NY2d 881). That mistake, however, was corrected in a statement filed by the prosecutor and was addressed at the PFO hearing (*see People v Oliver*, 96 AD2d 1104, 1105-1106, *affd* 63 NY2d 973). We thus conclude that any alleged defect in the notice was harmless "inasmuch as defendant received reasonable notice of the accusations against him and was provided an opportunity to be heard with respect to those accusations during the persistent felony offender proceeding" (*People v Gonzalez*, 61 AD3d 1428, 1429, *lv denied* 12 NY3d 925; *see People v Bouyea*, 64 NY2d 1140, 1142; *see e.g. People v Judd*, 111 AD3d

1421, 1423; *People v Feliciano*, 108 AD3d 880, 882, *lv denied* 22 NY3d 1040; *People v Dawson*, 269 AD2d 867, 868; *People v Rose*, 203 AD2d 115, 115-116, *lv denied* 83 NY2d 971).

Defendant further contends that he was improperly sentenced as a PFO because he did not have a violent criminal history and he has meritorious constitutional challenges to the two predicate convictions. With respect to the constitutionality of the 1988 predicate conviction and defendant's alleged lack of a violent criminal history, defendant failed to raise those contentions in his CPL 440.20 motion and, therefore, they are not properly before us (*see People v Pennington*, 107 AD3d 1602, 1604, *lv denied* 22 NY3d 958).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered: July 3, 2014                          Frances E. Cafarell
                                               Clerk of the Court