People v Jessamy (2021 NY Slip Op 01272)





People v Jessamy


2021 NY Slip Op 01272


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-03622
 (Ind. No. 17-01240)

[*1]The People of the State of New York, respondent,
v
Thomas Jessamy, appellant.


Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant, and appellant pro se.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered February 19, 2019, convicting him of attempted rape in the first degree, assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court properly denied the defendant's for-cause challenge to a prospective juror. That prospective juror unequivocally stated that he would be impartial (see People v Brims, 145 AD3d 1025).
The defendant's contention that the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was improper in that it allowed inquiry as to many of his prior convictions spanning many years is without merit. The court's decision, which permitted inquiry into several but certainly not all of the defendant's prior convictions, for the most part without reference to the underlying acts, does not indicate any failure by the court to balance the relevant factors (see People v Walker, 83 NY2d 455, 459; People v Williams, 213 AD2d 689, 689). Here, the court properly balanced the appropriate factors in reaching its determination.
The defendant contends that his convictions are against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court